Joseph J. Tabacco, Jr. (SBN 75484)
Email: jtabacco@bermantabacco.com
Nicole Lavallee (SBN 165755)
Email: nlavallee@bermantabacco.com
Michael Stocker Dark (SBN 179083)
Email: mdark@bermantabacco.com
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

*Counsel for Movant Glenbrook Investors and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MATTHEWS, on behalf themselves and all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>COMPASS GROUP DIVERSIFIED HOLDINGS, LLC., COMPASS DIVERSIFIED HOLDINGS, MORDECHAI HAIM FERDER, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER,<br><br>               Defendants. | No. 8:25-cv-00981-JDE<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**<br><br>Date:  August 7, 2025<br>Time: 10:00 am<br>Courtroom:  6A<br>Magistrate Judge: Hon. John D. Early |

*(Caption Continued)*

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

| | |
|---|---|
| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERISIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER,<br><br>Defendants. | Case No. 8:25-cv-01003-DOC-JDE<br><br>Judge: David O. Carter |
| KEVIN TAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERISIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, STEPHEN KELLER, and PATRICK A. MACIARIELLO,<br><br>Defendants. | Case No. 2:25-cv-05777-JAK-MAR<br><br>Judge: John A. Kronstadt |

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

# **TABLE OF CONTENTS**

**PAGE**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................... 1

II.    STATEMENT OF FACTS.................................................................... 3

III.    ARGUMENT ...................................................................................... 4

    A.    The Court Should Consolidate The Related Actions......................... 4

    B.    The Court Should Appoint Glenbrook Investors As Lead Plaintiff Because It Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class................................ 4

        1.    Glenbrook Investors Has Filed A Timely Motion.................... 6

        2.    Glenbrook Investors Is The Presumptive Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class....................................................... 6

        3.    Glenbrook Investors Satisfies The Requirements Of Rule 23...................................................................................... 7

            a.    Glenbrook Investors' Claims Are Typical Of The Claims Of The Class ....................................................... 8

            b.    Glenbrook Investors Will Fairly And Adequately Represent The Interests Of The Class............................ 9

    C.    The Court Should Approve Glenbrook Investors' Choice Of Lead Counsel................................................................................ 10

IV.    CONCLUSION ................................................................................ 11

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Adams v. Biolase, Inc.*,
  No. 8:13-CV-1300-JLS-FFMx, 2013 WL 12128806 (C.D. Cal. Dec. 10, 2013) ........................................................................................................ 8

*Armstrong v. Davis*,
  275 F.3d 849 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005) ............................................................... 8

*Duffaydar v. Sonder Holdings Inc.*,
  No. 2:24-cv-02952-ODW (JCx), 2024 WL 4454910 (C.D. Cal. Oct. 9, 2024) ........................................................................................................ 2

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ................................................................ 7, 8

*Feyko v. Yuhe Int'l Inc.*,
  No. CV 11-05511 DDP (PJWx), 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ..... 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .......................................... 8, 9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ............................................................. passim

*Lloyd v. CVB Fin. Corp.*,
  No. CV 10-06256 MMM (PJWx), 2011 WL 13128303 (C.D. Cal. Jan. 21, 2011) ........................................................................................................ 4

*Roberti v. OSI Sys., Inc.*,
  No. CV-13-09174-MWF (VKBx), 2014 WL 12845727 (C.D. Cal. Mar. 17, 2014) ........................................................................................................ 7

*Rubke v. Capitol Bancorp*,
  No. C 05-4800 PJH, 2006 WL 734390 (N.D. Cal. Mar. 21, 2006) .................... 9

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) ............................................................... 6, 8

**Statutes**

15 U.S.C. § 78j(b) .............................................................................................. 1

15 U.S.C. § 78t(a) .............................................................................................. 1

15 U.S.C. § 78u-4 .............................................................................................. 2

15 U.S.C. § 78u-4(a)(1) ................................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................... 2

15 U.S.C. § 78u-4(a)(3)(B)(iii) .............................................................................. 2, 5, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................. 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ................................................................................ 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................... 10

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................... 10

17 C.F.R. § 240.10b-5 .................................................................................................. 1

Exchange Act § 10(b) ................................................................................................... 1

Exchange Act § 20(a) ................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23................................................................................................passim

Fed. R. Civ. P. 23(a)(3) ................................................................................................ 8

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 9

Fed. R. Civ. P. 42(a) ................................................................................................. 2, 4

U.S. Securities and Exchange Commission Rule 10b-5 ............................................. 1

**Docketed**

*Augenbaum v. Compass Diversified Holdings*,
    No. 8:25-cv-01003-DOC-JDE (C.D. Cal. filed May 12, 2025) ............................. 1

*Carlson v. Xerox Corp.*,
    No. 00-cv-1621 (D. Conn.) ................................................................................... 11

*In re 2008 Fannie Mae Sec. Litig.*,
    No. 08-civ-07831-PAC (S.D.N.Y) ........................................................................ 11

*In re BP p.l.c Sec. Litig.*,
    No. 10-md-2185 (S.D. Tex.) ................................................................................. 11

*In re IndyMac Mortgage-Backed Sec. Litig.*,
    No. 09-cv-04583-LAK (S.D.N.Y.) ........................................................................ 11

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                                                                              iii

*In re International Rectifier Sec. Litig.*,
  No. 07-cv-2544 (C.D. Cal.) ..................................................................................... 11

*Matthews v. Compass Group Diversified Holdings, LLC*,
  No. 8:25-cv-00981-JDE (C.D. Cal. filed May 9, 2025) ................................ 1, 3, 6

*Moreno v. Compass Group Diversified Holdings LLC*,
  No. 3:25-cv-00758-AWT (D. Conn. filed May 12, 2025)....................................... 1

*Tan v. Compass Diversified Holdings*,
  No. 2:25-cv-05777-JAK-MAR (C.D. Cal. filed June 25, 2025) ........................... 1

## I.       INTRODUCTION AND SUMMARY OF ARGUMENT

Three related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of persons and entities that purchased or otherwise acquired Compass Group Diversified Holdings, LLC, and Compass Diversified Holdings ("Compass," "CODI" or the "Company") securities.  The cases assert claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Defendants.

The Related Actions are: (1) *Matthews v. Compass Group Diversified Holdings, LLC*, No. 8:25-cv-00981-JDE (C.D. Cal. filed May 9, 2025) (the "*Matthews* Action"); (2) *Augenbaum v. Compass Diversified Holdings*, No. 8:25-cv-01003-DOC-JDE (C.D. Cal. filed May 12, 2025) (the "*Augenbaum* Action"); and (3) *Tan v. Compass Diversified Holdings*, No. 2:25-cv-05777-JAK-MAR (C.D. Cal. filed June 25, 2025) (the "*Tan* Action").  The *Matthews* Action and *Augenbaum* Action allege class periods from May 1, 2024 through May 7, 2025, while the *Tan* Action alleges a class period from March 1, 2023 through May 7, 2025.

A securities class action was also filed in U.S. District Court for the District of Connecticut: *Moreno v. Compass Group Diversified Holdings LLC*, No. 3:25-cv-00758-AWT (D. Conn. filed May 12, 2025) (the "*Moreno* Action").  The claims in the *Moreno* Action are substantially related to the Related Actions.  The *Moreno* Action, however, alleges a class period from February 24, 2022 through May 7, 2025.  Notice of the pendency of the *Moreno* Action with the longest class period was published on June 24, 2025.  *See* Decl. of Nicole Lavallee in Supp. of Glenbrook Investors' Mot. for Consol. of Rel. Cases, Appt. as Lead Pl. & Appr. of Its Sel. of Lead Counsel ("Lavallee Decl.") ¶ 3 & Ex. B (Notice of Extended Class Period).  Because the *Moreno* Action is substantially similar to the Related Actions,

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

1

Glenbrook Investors are also filing a motion for appointment as lead plaintiff in the District of Connecticut. Because "courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period," *Duffaydar v. Sonder Holdings Inc.*, No. 2:24-cv-02952-ODW (JCx), 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) (citation omitted), Glenbrook Investors are using the longest alleged class period published to investors, February 24, 2022 through May 7, 2025 (the "Class Period"), for its lead plaintiff motions.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*, requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases. *See* § 78u-4(a)(3)(B)(ii). As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate under Rule 42 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i).

Here, Glenbrook Investors should be appointed Lead Plaintiff because it filed a timely motion, has the "largest financial interest" in the outcome of this litigation with losses of approximately $156,959 on its Class Period transactions in Compass securities at issue in this litigation, *see* Lavallee Decl. ¶¶ 4-5 & Exs. C, D, and satisfies the typicality and adequacy requirements as set forth in Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Glenbrook Investors' selection of Berman Tabacco (or the "Firm") to serve as Lead Counsel should be approved

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

2

because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all Class members.

Accordingly, for these reasons and all those discussed below, Glenbrook Investors respectfully requests that the Court consolidate the Related Actions, appoint it to serve as Lead Plaintiff, and approve its selection of Berman Tabacco as Lead Counsel for the proposed Class.

## II.    STATEMENT OF FACTS[1]

Lugano Holdings, Inc. ("Lugano") is a subsidiary and operating segment of Compass.  ¶9.  On May 7, 2025, after the market closed, Compass issued an 8-K and attached a press release titled "Compass Diversified Discloses Non-Reliance on Financial Statements for Fiscal 2024 Amid an Ongoing Internal Investigation into its Subsidiary, Lugano Holding, Inc."  ¶39.  In this release, Compass announced that it "has preliminarily identified irregularities in Lugano's non-CODI financing, accounting, and inventory practices.  After discussing with senior leadership and investigators, the Audit Committee of CODI's Board has concluded that the previously issued financial statements for 2024 require restatement and should no longer be relied upon."  *Id.*  On this news, the price of Compass stock fell 8% during after-hours trading on May 7, 2025, and continued to drop precipitously in early trading hours the next day.  ¶41.

The Complaint alleges that Defendants made materially false and misleading statements concerning, among other things, the Company's disclosure controls and procedures and its financial statements because of "certain unrecorded financing arrangements and irregularities identified in sales, cost of sales, inventory, and

---

[1] All references to the "Complaint" are to the *Matthews* Action initial complaint, filed on May 9, 2025 (ECF No. 1), which is cited herein as "¶__."

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                    3

accounts receivable recorded by Compass' subsidiary, Lugano Holdings, Inc." ¶¶20-38.

The Complaint further alleges that as a result of Defendants' alleged misrepresentations and omissions, and the precipitous decline in the market value of the Company's common shares, class members suffered significant losses and damages.  ¶42.

**III.  ARGUMENT**

### A.  The Court Should Consolidate The Related Actions

The PSLRA requires the court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

Here, the Related Actions each assert claims on behalf of purchasers of Compass securities during overlapping periods against many of the same defendants for alleged violations of the federal securities laws.  Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts.  There is also little or no risk of prejudice to the parties from consolidation. *See generally Lloyd v. CVB Fin. Corp*., No. CV 10-06256 MMM (PJWx), 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Accordingly, the Court should consolidate the Related Actions.

### B.  The Court Should Appoint Glenbrook Investors As Lead Plaintiff Because It Suffered The Largest Loss And Is The Most Capable Of Adequately Representing The Class

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act.  15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, within twenty days of filing a class action, the filing plaintiff must publish "a notice advising

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

4

members of the purported plaintiff class . . . of the pendency of the action, the claims asserted[,] . . . the purported class period," and their right to "move the court [for appointment] as lead plaintiff of the purported class."  15 U.S.C. § 78u-4(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.  The "presumptively most adequate plaintiff" is "the person or group of persons" who: (1) "has either filed the complaint" or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) "has the largest financial interest in the relief sought by the class;" and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.

As the U.S Court of Appeals for the Ninth Circuit (the "Ninth Circuit") stated in *Cavanaugh*:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

306 F.3d at 730 (footnote omitted).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."  *Id*.  Only "proof . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

5

representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 668-69 (C.D. Cal. 2005).

### 1.   Glenbrook Investors Has Filed A Timely Motion

Plaintiff in the *Matthews* Action caused notice to be published through *Business Wire* on May 9, 2025, the day that the first complaint was filed. That notice stated that the deadline for filing to serve as lead plaintiff was July 8, 2025. *See* Lavallee Decl. ¶ 2 & Ex. A. Therefore, Glenbrook Investors has satisfied the procedural requirements of the PSLRA by filing the present motion seeking lead plaintiff status within the 60-day deadline and filing the requisite certification detailing its trading in Compass and suitability to serve as a Class representative in this case. *See* Lavallee Decl. ¶ 4 & Ex. C.

### 2.   Glenbrook Investors Is The Presumptive Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA establishes a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" who "has the largest financial interest in the relief sought by the class," and who also "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he [PSLRA] 'provides in categorical terms that the *only* basis on which a court may compare plaintiffs competing to serve as lead is the size of their financial stake in the controversy.'" *Tanne*, 226 F.R.D. at 666 (quoting *Cavanaugh*, 306 F.3d at 732).

To the best of its counsel's knowledge, Glenbrook Investors believes that it has the largest financial interest in this litigation of any qualified movant seeking appointment as Lead Plaintiff. During the Class Period, Glenbrook Investors

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

6

purchased 11,750 shares of Compass stock at a cost of $236,988 and suffered a loss of $156,959 from its investments.  *See* Lavallee Decl. ¶5 & Ex. D.  Accordingly, Glenbrook Investors has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the legal presumption of "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.

### 3.    Glenbrook Investors Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the litigation, Glenbrook Investors also satisfies the applicable requirements of Rule 23.  At the lead plaintiff stage, movants are required to make only a "preliminary showing" under Rule 23 that the proposed lead plaintiff's claims are typical and adequate.  *Roberti v. OSI Sys., Inc.*, No. CV-13-09174-MWF (VKBx), 2014 WL 12845727, at *3 (C.D. Cal. Mar. 17, 2014); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2-3 (C.D. Cal. Mar. 2, 2012); *see also Cavanaugh*, 306 F.3d at 730; *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004).

Glenbrook Investors includes four entities which have accounts managed by Glenbrook Capital.  Lavallee Decl. ¶ 6 & Ex. E.  These entities are: (1) the Glenbrook Capital Management, Inc. Employees' Profit-Sharing Plan ("Glenbrook PSP"); (2) GTW Sub-Trust; (3) The Paul F. Shoen Revocable Trust ("Paul Shoen Trust"): and (4) The Paxton Lee Shoen 1998 Education Trust ("Paxton Shoen Trust").  *Id.* at ¶1.  Glenbrook Capital exercised discretionary authority over these investment accounts and oversaw the purchase of Compass securities in securities accounts for these four entities during the Class Period.  *Id.* at ¶2.  Grover T. Wickersham ("Wickersham") is an experienced, sophisticated investor and licensed California attorney who is an authorized decision maker for the Glenbrook PSP and Paxton Shoen Trust.  *Id.* at ¶2.   Likewise, Paul F. Shoen ("Shoen") is an experienced, sophisticated investor who is an authorized decision maker for GTW

Sub-Trust and Paul Shoen Trust. *Id.* at ¶3. Mr. Wickersham and Mr. Shoen have a long personal and professional relationship. *Id.* at ¶4.

Prior to seeking appointment as lead plaintiff, Mr. Wickersham and Mr. Shoen conferred about overseeing this litigation, including the merits of the claims, their respective losses from the defendants' misconduct, their desire to jointly prosecute this litigation in a collaborative and cohesive manner, and the advantages of retaining Berman Tabacco based on its experience in successfully litigating securities class actions as lead counsel. *Id.* at ¶7.

### a.   Glenbrook Investors' Claims Are Typical Of The Claims Of The Class

Glenbrook Investors' claims are typical of the claims of other Class members. The typicality requirement of Rule 23, Fed. R. Civ. P. 23(a)(3), is satisfied when the lead plaintiff's claims "arise from the same event[] [or] course of conduct" that gives rise to claims of other class members and all claims are "based on the same legal theory." *See Adams v. Biolase, Inc.*, No. 8:13-CV-1300-JLS-FFMx, 2013 WL 12128806, at *3 (C.D. Cal. Dec. 10, 2013); *see also Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ("Typicality … is said to require that the claims of the class representatives be typical of those of the class, and to be satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.") (citation and internal quotation marks omitted), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005); *Ferrari*, 225 F.R.D. at 606-07 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); *Tanne*, 226 F.R.D. at 666-67.

Here, Glenbrook Investors, like other Class members, seeks to hold Defendants liable for the consequences of their violations of the federal securities

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                                                    8

laws. In addition, Glenbrook Investors acquired Compass securities during the Class Period at prices artificially inflated by the Defendants' false statements and material omissions and suffered damages as a result. Glenbrook Investors' claims, therefore, arise from the same events and are based on the same legal theory as the class' claims.

Because there are well-defined common questions of law and fact involved in this case, the claims asserted by Glenbrook Investors, which are not subject to any unique defenses, are typical of the claims of other proposed Class members. *Hanlon*, 150 F.3d at 1020 ("Under [Rule 23's] permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

###### b.    Glenbrook Investors Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Rubke v. Capitol Bancorp*, No. C 05-4800 PJH, 2006 WL 734390, at *2-3 (N.D. Cal. Mar. 21, 2006). Accordingly, the Ninth Circuit has held that "[r]esolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Glenbrook Investors fully meets the adequacy requirement. First, Glenbrook Investors, like every member of the Class, purchased Compass stock during the Class Period and suffered losses from Defendants' untrue, false and/or misleading statements and material omissions. Glenbrook Investors' interests, and those of its counsel, are therefore fully aligned with, and not adverse to, those of the Class. There are no facts that indicate any conflicts of interest between Glenbrook

Investors and the other Class members. Moreover, Glenbrook Investors has submitted requisite investor certifications and a declaration which confirms that it understands and is willing to assume the responsibilities of a lead plaintiff. *See* Lavallee Decl. ¶¶ 4, 6 & Exs. C, E.

Additionally, as discussed in Section III.C below, its selected counsel is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to effectively prosecute complex securities class actions and other forms of shareholder litigation.

For these reasons, Glenbrook Investors is a more than adequate class representative.

## C.   The Court Should Approve Glenbrook Investors' Choice Of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734. The court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not. While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Glenbrook Investors has selected and retained Berman Tabacco as the proposed Lead Counsel for the Class. Berman Tabacco is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors as detailed in the Firm's resume. *See* Lavallee Decl. ¶ 7 & Ex. F. Berman Tabacco is one of the country's premier class

action law firms with over 40 years of experience prosecuting securities litigation cases. *Id.* The Firm is ranked as a "Top Plaintiffs' Firm" by Benchmark Litigation. *Id.* Since the passage of the PSLRA, Berman Tabacco has held leadership positions, recovering billions of dollars on behalf of defrauded investors, including: *In re BP p.l.c Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel for the Ohio Public Employees Retirement System, the Firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (representing the Wyoming State Treasurer and the Wyoming Retirement System and reaching settlements worth $346 million); *In re 2008 Fannie Mae Sec. Litig.*, No. 08-civ-07831-PAC (S.D.N.Y) (representing the Massachusetts Pension Reserves Investment Management Board and achieving a $170 million settlement); *In re International Rectifier Sec. Litig.*, No. 07-cv-2544 (C.D. Cal.) (as co-lead counsel representing the Massachusetts Laborers' Pension Fund, the firm negotiated a $90 million settlement); *Carlson v. Xerox Corp*., No. 00-cv-1621 (D. Conn.) (representing the Louisiana State Employees' Retirement System as co-lead counsel, the firm negotiated a $750 million settlement). *Id.*

Thus, the Court can be assured that, by approving Glenbrook Investors' choice of counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Glenbrook Investors' selection of Berman Tabacco as Lead Counsel for the Class.

## IV.     CONCLUSION

For the foregoing reasons, Glenbrook Investors respectfully requests that this Court: (1) consolidate all Related Actions, (2) appoint Glenbrook Investors as Lead Plaintiff for the Class in this Action and all subsequently filed, related actions; and (3) approve Berman Tabacco as Lead Counsel for the Class.

DATED: July 8, 2025                    Respectfully submitted,


By:   */s/ Nicole Lavallee*
          Nicole Lavallee (SBN 165755)

Joseph J. Tabacco, Jr. (SBN 75484)
Michael Stocker Dark (SBN 179083)
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: jtabacco@bermantabacco.com
          nlavallee@bermantabacco.com
          mdark@bermantabacco.com

*Counsel for Movant Glenbrook Investors*
*and Proposed Lead Counsel for the Class*

[Case No. 8:25-cv-00981-JDE] MEM. OF P&A ISO GLENBROOK INVESTORS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL                    12

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Glenbrook Investors, certifies that this brief contains 3238 words, which complies with the word limit of L.R. 11-6.1.


DATED: July 8, 2025                    */s/ Nicole Lavallee*
                                       Nicole Lavallee