Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead
Plaintiff and for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MATTHEWS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> COMPASS GROUP DIVERSIFIED HOLDINGS, LLC., COMPASS DIVERSIFIED HOLDINGS, MORDECHAI HAIM FERDER, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER, <br><br> Defendants. | Case No. 8:25-cv-00981-JDE <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF CHOICE OF COUNSEL** <br><br> CLASS ACTION <br><br> JUDGE: John D. Early <br> HEARING: August 7, 2025 <br> TIME: 10:00am <br> CTRM: 6A |

[Additional caption on next page]

1

| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated, | Case No. 8:25-cv-01003-DOC-JDE |
| | |
| Plaintiff, | CLASS ACTION |
| | |
| v. | JUDGE: David O. Carter |
| | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER, | |
| | |
| Defendants. | |
| KEVIN TAN, Individually and on behalf of all others similarly situated, | Case No. 2:25-cv-05777-JAK-MAR |
| | |
| Plaintiff, | CLASS ACTION |
| | |
| v. | JUDGE: John A. Kronstadt |
| | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, STEPHEN KELLER, AND PATRICK A. MACIARIELLO, | |
| | |
| Defendants. | |

2

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Erie County Employees' Retirement System ("Movant") respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all purchasers of Compass Group Diversified Holdings LLC ("Compass" or the "Company") securities between February 24, 2022 and May 7, 2025[1], inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

On May 9, 2025, this action (the *"Matthews* Action") was commenced against Defendants Compass, Elias J. Sabo, Ryan J. Faulkingham, Stephen Keller, and Patrick Maciariello for violations under the Exchange Act with a Class Period of May 1, 2024 through May 7, 2025. The same day, a PSLRA early notice advising

---

[1] The *Matthews* and *Augenbaum* Actions identify a class period of May 1, 2024 through May 7, 2025. The *Tan* Action identifies a class period of March 1, 2023 through May 7, 2025. A fourth action, *Moreno v. Compass Group Diversified Holdings LLC, et al.*, Case No. 3:25-cv-00758 (D. Conn.) identifies a class period of February 24, 2022 through May 7, 2025. A more inclusive class period is favored at the lead plaintiff stage. *See e.g.*, *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

On May 12, 2025, the above-captioned related action styled as *Augenbaum v. Compass Group Diversified Holdings LLC, et al.,* Case No. 8:25-cv-01003-DOC-JDE (the "*Augenbaum* Action"), was filed in this District. *Augenbaum,* Dkt. No. 1.

On June 25, 2025, a third related action styled as *Tan v. Compass Group Diversified Holdings LLC, et al.,* Case No. 2:25-cv-05777-JAK-MAR (the "*Tan*" Action), was filed in this District. *Tan,* Dkt. No. 1.

Compass is a private equity firm specializing in add on acquisitions, buyouts, industry consolidation, recapitalization, and late stage and middle market investments.

On September 7, 2021, Compass acquired all of the issued and outstanding shares of Lugano Diamonds & Jewelry, Inc. ("Lugano"), a California luxury jewelry company, for an enterprise value of $256 million. Compass stated that Lugano "has a sustainable business model capable of generating significant revenues and growth in both the near and long-term."

Throughout the Class Period, Defendants provided such overwhelmingly positive statements to investors while, at the same time, disseminating materially false and/or misleading statements, as well as concealing material adverse facts about Compass' financial reporting. Specifically, Defendants failed to disclose to investors that: (1) Compass lacked effective internal controls over its financial reporting; and (2) Compass failed to disclose critical information regarding Lugano which kept undisclosed financing arrangements and exhibited irregularities in its sales, cost of sales, inventory and accounts receivable. As a result of the foregoing,

4

Defendants' positive statements about the Company's financial reporting were materially misleading.

The truth emerged on May 7, 2025, after the market closed, when the Company announced that its financial statements for fiscal 2024 could no longer be relied upon due to an ongoing internal investigation into Lugano. Specifically, Compass reported that its Audit Committee had launched an investigation over "concerns about how Lugano was potentially financing inventory." Further, the Company announced that it intended to delay the filing of its first quarter 2025 Form 10-Q.

Also on May 7, 2025, the Company revealed that Lugano's founder and CEO, Moti Ferder, resigned from all his Lugano positions and "will not receive any severance compensation." On this news, the price of Compass' common stock declined dramatically. From a closing market price of $17.25 per share on May 7, 2025 to $6.55 per share on May 8, 2025.

As a result of Defendants' wrongful acts and omissions, and the dramatic decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## II. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this

chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

All of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>    (aa) has either filed the complaint or made a motion in response to a notice …;
>    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

6

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $224,264.27 in connection with its purchases of Compass securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15

U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Fed. R. Civ. P. 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements about Compass and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)    will not fairly and adequately protect the interest of the class; or
>
> (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Erie County Employees' Retirement System is the prototypical lead plaintiff sought by the PSLRA as an institutional investor. As courts routinely recognize, "Congress passed the PSLRA in part to encourage institutional investors … to take the lead in private securities class actions." *In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at *6 (N.D. Cal. Apr. 27, 2012); *see Xu v. FibroGen, Inc.*, No. 21-CV-02623-EMC, 2021 WL 3861454, at *10 (N.D. Cal. Aug. 30, 2021) (noting "the PSLRA's clear preference for institutional investors"); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs.").

### IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the class's and Movant's claims including reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   July 8, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610

Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for Erie County Employees' Retirement System, certifies that this brief contains 2,473 words, which complies with the word limit of L.R. 11-6.1.

Executed on July 8, 2025.

/s/ Laurence M. Rosen
Laurence M. Rosen

12

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On July 8, 2025, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ERIE COUNTY EMPLOYEES' RETIREMENT SYSTEM TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on July 8, 2025.

/s/ Laurence Rosen
Laurence M. Rosen

13