John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508

*Attorneys for Lead Plaintiff Movant*
*Compass Investors*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MATTHEWS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS GROUP DIVERSIFIED HOLDINGS, LLC., COMPASS DIVERSIFIED HOLDINGS, MORDECHAI HAIM FERDER, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER,<br><br>Defendants. | Case No.: 8:25-cv-00981-JDE<br><br>**[PROPOSED] ORDER GRANTING MOTION BY COMPASS INVESTORS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF CO-LEAD COUNSEL**<br><br>Judge: Hon. John D. Early<br>Date: August 7, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6A<br><br>Complaint Filed:  May 9, 2025 |
| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM,<br><br>Defendants. | Case No.: 8:25-cv-01003-DOC-KES<br><br>Complaint Filed:  May 12, 2025 |

| | |
|---|---|
| KEVIN TAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:25-cv-05777-JAK-MAR |
| Plaintiff, | Complaint Filed:  June 25, 2025 |
| v. | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, STEPHEN KELLER, and PATRICK A. MACIARIELLO. | |
| Defendants. | |

On July 8, 2025, Erie County Employees' Retirement System ("Erie County") and Olson 7 Management, LLC ("Olson7") (collectively, "Compass Investors" or "Movant") filed papers in support of its Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Co-Lead Counsel.

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides that the court is to appoint, as lead plaintiff, the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii).

The Court, having considered Compass Investors' Motion for consolidation, appointment as Lead Plaintiff, and approval of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Bleichmar Fonti & Auld LLP ("BFA") as Co-Lead Counsel, and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

# I.      APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD COUNSEL

1.      Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Matthews v. Compass Group Diversified Holdings, LLC*, No. 8:25-cv-00981; *Augenbaum v. Compass Diversified Holdings*, No. 8:25-cv- 01003; and *Tan v. Compass Diversified Holdings*, No. 2:25-cv-05777 are hereby consolidated (the "Action").

2.      Movant is the most adequate plaintiff and satisfies the requirements of the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).  The Court hereby appoints Movant as Lead Plaintiff to represent the interests of the Class.  *Id.*;

3.      The Court approves Movant's selection of Scott+Scott and BFA to serve as Co-Lead Counsel.  15 U.S.C. §78u-4(a)(3)(B)(v);

4. Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel who Co-Lead Counsel shall designate:

(a) to coordinate the briefing and argument of any and all motions;

(b) to coordinate the conduct of any and all discovery proceedings;

(c) to coordinate the examination of any and all witnesses in depositions;

(d) to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

(e) to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f) to coordinate all settlement negotiations with counsel for Defendants;

(g) to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

(h) to coordinate the preparation and filings of all pleadings; and

(i) to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Action;

5. No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by the plaintiffs. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel;

6. Service upon any plaintiff of all pleadings, motions, or other papers in the Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Co-Lead Counsel;

2

7.      Co-Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel;

## II.    NEWLY FILED OR TRANSFERRED ACTIONS

8.      When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

(a)     file a copy of this Order in the separate file for such action;

(b)     mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

(c)     make the appropriate entry in the docket for this Action;

9.      Each new case arising out of the subject matter of this Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within 10 days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application; and

10.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to, or may lead to the discovery of information relevant to, the subject matter of the pending litigation.

3

IT IS SO ORDERED.


DATED: _____          _____

HON. JOHN D. EARLY
United States Magistrate Judge

4