John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508

*Attorney for Lead Plaintiff Movant
Compass Investors*

[Additional Counsel on Signature Page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MATTHEWS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS GROUP DIVERSIFIED HOLDINGS, LLC., COMPASS DIVERSIFIED HOLDINGS, MORDECHAI HAIM FERDER, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER,<br><br>Defendants. | Case No.: 8:25-cv-00981-JDE<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEAD PLAINTIFF MOVANT COMPASS INVESTORS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>Judge: Hon. John D. Early<br>Date: August 7, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6A<br><br>Complaint Filed:  May 9, 2025 |
| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM,<br><br>Defendants. | Case No.: 8:25-cv-01003-DOC-KES<br><br><br><br>Complaint Filed:  May 12, 2025 |

| | |
|---|---|
| KEVIN TAN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:25-cv-05777-JAK-MAR |
| Plaintiff, | |
| v. | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, STEPHEN KELLER, and PATRICK A. MACIARIELLO, | Complaint Filed:  June 25, 2025 |
| Defendants. | |

ii

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES TO BE DECIDED ...............................................1

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

I.     INTRODUCTION ..............................................................................1

II.    FACTUAL BACKGROUND...............................................................3

III.   ARGUMENT......................................................................................4

       A.    The Related Actions Should Be Consolidated...................................4

       B.    Compass Investors should be appointed lead plaintiff......................5

            1.    Compass Investors' Motion is Timely......................................5

            2.    Compass Investors Has the Largest Financial Interest in the Relief Sought by the Class....................................................6

            3.    Compass Investors Is Otherwise Qualified Under Rule 23 ........7

            4.    The Compass Investors Are Ideal to Represent the Class..........9

       C.    The Court Should Approve Compass Investors' Choice of Counsel .........................................................................................13

IV.   CONCLUSION................................................................................14

i

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE No. 8:25-cv-00981-JDE

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadilla v. Precigen, Inc.*,
No. 5:20-cv-06936 (N.D. Cal.) ...........................................................................13

*Adams v. Biolase, Inc.*,
2013 WL 12128806 (C.D. Cal. Dec. 10, 2013) .....................................................5

*Bruce v. Suntech Power Holdings Co.*,
2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) .....................................................12

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .......................................................................2, 12, 13

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ...............................................................................13

*Duffaydar v. Sonder Holdings Inc.*,
2024 WL 4454910 (C.D. Cal. Oct. 9, 2024) ..........................................................2

*In re Emulex Corp. Sec. Litig.*,
No. 8:01-cv-00219 (C.D. Cal.) ............................................................................13

*Feyko v. Yuhe Int'l Inc.*,
2012 WL 682882 (C.D. Cal. Mar. 2, 2012) ...........................................................6

*Freedman v. Weatherford International Ltd.*,
No. 12-cv-02121-LAK (S.D.N.Y. Nov. 4, 2015) .................................................14

*In re Genworth Financial, Inc. Securities Litigation*,
No. 14-cv-00682-JAG (E.D. Va. Sept. 26, 2016).................................................14

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................6

*Lax v. First Merchs. Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ..........................................................6

*In re Mersho*,
6 F.4th 891 (9th Cir. 2021) ....................................................................................9

*In re MF Global Holdings Securities Litigation*,
No. 11-cv-07866-VM (S.D.N.Y. July 15, 2016) .................................................14

*Moreno v. Compass Grp. Diversified Holdings LLC*,
No. 3:25-cv-00758-AWT (D. Conn.) (amended complaint attached as Exhibit
A to Declaration of John Jasnoch ("Jasnoch Decl.")).....................................2, 3, 5

*In re Nw. Corp. Sec. Litig.*,
2003 WL 27395940 (D.S.D. June 12, 2003) ........................................................10

*Oklahoma Firefighters Pension and Retirement System v. Calhoun*,
No. 1:24-cv-01200 (E.D. Va) ..............................................................................14

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

*Ontario Teachers' Pension Plan Board v. Teva Pharmaceuticals Industries Ltd.*,
    No. 3:17-cv-00558-SRU (D. Conn.)................................................................13

*Perrin v. Sw. Water Co.*,
    2009 WL 10654690 (C.D. Cal. Feb. 13, 2009)...............................................9

*Richardson v. TVIA, Inc.*,
    2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ................................................6

*Robb v. Fitbit Inc.*,
    2016 WL 2654351 (N.D. Cal. May 10, 2016) ...............................................12

*Rondini v. Kyverna Therapeutics, Inc.*,
    No. 3:24-cv-08869 (N.D. Cal.)......................................................................13

*Russo v. Finisar Corp.*,
    2011 WL 5117560 (N.D. Cal. Oct. 27, 2011).................................................7

*In re SanDisk LLC Sec. Litig.*,
    No. 3:15-cv-01455 (N.D. Cal.) ......................................................................13

*Steamfitters Local 449 Pension & Ret. Sec. Funds v. Sleep No. Corp.*,
    2022 WL 1607306 (D. Minn. May 20, 2022)................................................10

*In re The Boeing Co. Derivative Litig.*,
    No. 2024-1210 (Del. Ch.) ..............................................................................14

*The Police Retirement System of St. Louis v. Granite Construction Inc.*,
    No. 3:19-cv-04744-WHA (N.D. Cal.) ...........................................................14

*Thurber v. Mattel, Inc.*,
    No. 2:99-cv-10368 (C.D. Cal.) ......................................................................13

*Westley v. Oclaro, Inc.*,
    2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) .............................................7, 8

*White v. Brooge Energy Limited*,
    No. 2:24-cv-00959 (C.D. Cal.) ......................................................................13

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................5
15 U.S.C. § 78u-4(a)(3)(B) ...............................................................................1, 7
15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................6, 9
15 U.S.C. § 78u-4(a)(3)(B)(iii) ..............................................................................2
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ......................................................................2, 9
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...................................................................6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)....................................................................7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .................................................................13
15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................1, 2, 3, 12
Exchange Act § 21D(a)(3)(B)................................................................................7

**Court Rules**

Fed. R. Civ. P. Rule 23 ...............................................................................2, 7, 9

iii

Fed. R. Civ. P. Rule 42 ...................................................................................................4, 5

**Other Authorities**

17 C.F.R. § 240.10b-5...................................................................................................1

1 ALBERT CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 3:13
    (4th ed. 2008) .........................................................................................................8

Compass Diversified Holdings, Form 8-K (June 25, 2025),
    https://www.sec.gov/Archives/edgar/data/1345126/000134512625000038/cod
    i-20250618.htm ......................................................................................................4

H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730
    (1995) .....................................................................................................................9

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF,
AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

## STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether the Court should consolidate the above-captioned related securities class actions (the "Related Actions");

2.      Whether the Court should appoint Erie County Employees' Retirement System ("Erie County") and Olson 7 Management, LLC ("Olson7") (collectively, "Compass Investors")[1] as Lead Plaintiff for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.      Whether the Court should approve Compass Investors' selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Bleichmar Fonti & Auld LLP ("BFA") as Co-Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Compass Investors, by and through its undersigned counsel, respectfully submits this memorandum of points and authorities in support of its motion for: (1) consolidation of the Related Actions; (2) appointment as Lead Plaintiff pursuant to §21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; (3) approval of its selection of Scott+Scott and BFA to serve as Co-Lead Counsel for the proposed Class; and (4) such other and further relief as the Court may deem just and proper.

There are three Related Actions pending in this District. The Related Actions allege that Compass Diversified Holdings ("Compass" or the "Company"), certain Compass-related entities, and certain Compass senior officers (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). Specifically, it is alleged that from

---

[1]    Unless otherwise defined, terms herein retain the same meanings as defined in the Notice of Motion and Motion. Internal citations and quotations are omitted and emphasis is added throughout unless otherwise noted.

February 24, 2022 through May 7, 2025, Compass overstated its financial results in violation of applicable accounting rules because its subsidiary, Lugano Holdings, Inc. ("Lugano"), engaged in "irregularities" with respect to its financing, accounting, and inventory practices. The Related Actions further allege that Compass's internal controls over financial reporting were ineffective and contained at least one material weakness.[2]

The PSLRA provides that the court is to appoint as lead plaintiff the "person or group of persons" with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As demonstrated below, Compass Investors should be appointed to serve as Lead Plaintiff because: (1) its motion for appointment is timely filed; (2) based on information presently available, Compass Investors believes it has the largest financial interest in this litigation among the qualified movants; and (3) Compass Investors is an adequate and typical Class representative. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Compass Investors' selection of Scott+Scott and BFA to serve as Co-Lead Counsel for the Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott and BFA have a long history of successfully litigating securities class actions and possess the necessary resources to

---

[2] In addition to the three Related Actions filed in this District, a fourth related action is pending in the District of Connecticut. *See Moreno v. Compass Grp. Diversified Holdings LLC*, No. 3:25-cv-00758-AWT (D. Conn.) ("*Moreno*") (amended complaint attached as Exhibit A to Declaration of John Jasnoch ("Jasnoch Decl.")). While the complaints in *Matthews* and *Augenbaum* assert the same class period, the complaints in *Tan* and *Moreno* assert different class periods. For purposes of appointing a Lead Plaintiff, courts generally apply the longest class period. *See Duffaydar v. Sonder Holdings Inc.*, 2024 WL 4454910, at *3 (C.D. Cal. Oct. 9, 2024) ("[C]ourts usually ... use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.") (citation modified). Here, the longest class period asserted in the complaints is February 24, 2022 through May 7, 2025, as alleged in *Moreno*.

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE No. 8:25-cv-00981-JDE

aggressively prosecute this action on behalf of the putative Class. Moreover, Scott+Scott and BFA have undertaken significant effort to investigate and advance the claims asserted against Defendants on behalf of the putative Class.

## II.   FACTUAL BACKGROUND

Compass operates as a private equity firm specializing in add-on acquisitions, buyouts, late stage, and middle market investments. ¶22.[3]  In September 2021, Compass acquired all the issued and outstanding shares of Lugano, a California luxury jewelry company. ¶3.

This case concerns an alleged accounting fraud arising from claimed "irregularities" in Lugano's financing, accounting, and inventory practices, as well as material weaknesses in Compass's internal controls over financial reporting. For instance, on May 1, 2024, Compass reported its Q1 2024 financial results, announcing that Compass's net sales increased 8% year-over-year to over $524 million and its adjusted earnings increased 73% year-over-year to more than $34 million. ¶¶59, 61.  Compass stated that these favorable results were "driven by a 61% increase in Lugano net sales[.]" ¶59.

On February 27, 2025, Compass reported its Q4 2024 and full year 2024 financial results. ¶76.  Compass stated that its Q4 2024 net sales increased 13.8% year-over-year to more than $620 million and its adjusted EBITDA increased 30% year-over-year to over $424.8 million. *Id.*  Compass stated that these increases were "primarily due to strong results at Lugano." *Id.*  During the same day earnings call, Defendant Maciariello stated that Lugano's continued "exceptional results" were due to its "disruptive business model." ¶77.

As alleged, these statements were materially false and misleading. In truth, Compass had violated applicable accounting rules and acceptable industry practices

---

[3]   Unless otherwise noted, all "¶_" and "¶¶__" citations are to the amended complaint filed in *Moreno*.

3

with respect to its financing, accounting, and inventory practices pertaining to Lugano. ¶81; *see also Tan* Complaint, ECF No. 1 ¶76.

Investors began to learn the truth on May 7, 2025, when Compass announced that its 2024 financial statements should no longer be relied upon and that the Company was investigating whether additional restatements may be required. ¶¶81, 83. The Company stated that an ongoing investigation into Lugano had identified "irregularities in Lugano's non-[Compass] financing, accounting, and inventory practices." ¶81. Compass also stated that Lugano's founder and CEO had been terminated. *Id.* On this news, the price of Compass common stock declined $10.70 per share, or nearly 62%, from a closing price of $17.25 per share on May 7, 2025, to $6.55 per share on May 8, 2025. ¶87. The news also caused the price of Compass preferred shares to significantly decline. *See Augenbaum*, ECF No. 1 ¶31.

Two weeks ago, Compass expanded the non-reliance period back to fiscal 2022. The internal investigation remains ongoing.[4]

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Federal Rule of Civil Procedure 42(a) allows the Court to consolidate actions that "involve a common question of law or fact." There are three Related Actions pending against Compass in this District:

| Case Number | Abbreviated Case Name | Date Filed |
|---|---|---|
| 8:25-cv-00981-JDE | *Matthews v. Compass Group Diversified Holdings, LLC, et al.* | 5/9/2025 |
| 8:25-cv-01003-DOC-JDE | *Augenbaum v. Compass Diversified Holdings, et al.* | 5/12/2025 |
| 2:25-cv-05777-JAK-MAR | *Tan v. Compass Diversified Holdings, et al.* | 6/25/2025 |

These actions present substantially similar factual and legal issues because

---

[4]   Compass Diversified Holdings, Form 8-K (June 25, 2025), https://www.sec.gov/Archives/edgar/data/1345126/000134512625000038/codi-20250618.htm

they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, arise out of a substantially similar course of alleged misconduct, are premised upon substantially similar alleged misstatements, and name similar Defendants.  While the Related Actions assert different class periods, that minor difference does not outweigh the benefits of judicial economy that would be created from consolidation. *See Adams v. Biolase, Inc.*, 2013 WL 12128806, at *1–2 (C.D. Cal. Dec. 10, 2013) (consolidating related securities class actions asserting different class periods). Accordingly, consolidation of these actions, and any similarly related subsequently filed or transferred actions, is appropriate under Rule 42.[5]

**B.     Compass Investors Should Be Appointed Lead Plaintiff**

**1.     Compass Investors' Motion Is Timely**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  On May 9, 2025, Plaintiff Robert Matthews filed the first of the Related Actions which alleged that Defendants defrauded investors during the period of May 1, 2024 through May 7, 2025.  On the same day, counsel for Mr. Matthews published notice of the pendency of the action on *Business Wire*, setting the deadline to seek Lead Plaintiff status by July 8, 2025.  *See* Jasnoch Decl., Ex. B.

On June 24, 2025, Plaintiff Nicholas Moreno filed an amended complaint for violations of the federal securities laws in the District of Connecticut, which alleged that Defendants defrauded investors during a broader period of February 24, 2022 through May 7, 2025.  The same day, counsel for Mr. Moreno published a notice on *Globe Newswire* alerting investors to the action and reminding them of the July 8, 2025 deadline to seek appointment.  *See* Jasnoch Decl., Ex. C.

---

[5]     As stated herein, the *Moreno* action is pending in the District of Connecticut. Compass Investors is concurrently filing a substantially similar motion for Lead Plaintiff appointment in *Moreno*.  Counsel for Compass Investors intends to coordinate with the parties to ensure the cases proceed in a single jurisdiction to promote judicial economy and avoid duplicative litigation.

5

Finally, on June 25, 2025, Plaintiff Kevin Tan commenced the *Tan* action, which alleged that Defendants defrauded investors during a period of March 1, 2023 through May 7, 2025. That same day, counsel for Mr. Tan, Scott+Scott, published a notice on *Business Wire* alerting investors to the action and reminding them of the July 8, 2025 deadline to seek appointment. *See* Jasnoch Decl., Ex. D. As such, Compass Investors' motion is timely.

### 2. Compass Investors Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that courts "shall appoint as lead plaintiff" the member of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a rebuttable "presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Feyko v. Yuhe Int'l Inc.*, 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (discussing the PSLRA lead plaintiff appointment process ) (citing *Cavanaugh*, 306 F.3d at 730); *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (same).

Based on the information presently available, Compass Investors believes it asserts the largest financial interest in the relief sought by the Class in this litigation among the qualified applicants, having lost roughly $456,000 on its investments in Compass securities as a result of Defendants' wrongdoing. *See* Jasnoch Decl., Exs. E-F.[6] Because Compass Investors has the largest financial interest in this litigation,

---

[6] In addition to losses, courts often consider various other metrics, including what are typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number

and, as shown below, satisfies all of the PSLRA prerequisites for appointment as Lead Plaintiff, it should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3. Compass Investors Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See, e.g.*, *Westley v. Oclaro, Inc.*, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Id*. Here, Compass Investors' claims are typical of the claims of the other members of the putative Class because, like all other Class members, Compass Investors:

---

of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest). Compass Investors' PSLRA certifications and loss calculations provide the necessary trading information to calculate its financial interest under all possible metrics and does not presuppose that there is only one valid methodology. *See* Jasnoch Decl., Exs. E-F.

7

(1) purchased Compass securities during the Class Period; (2) was adversely affected by Defendants' false and misleading statements and otherwise fraudulent conduct; and (3) suffered damages as a result thereof. *See Russo v. Finisar Corp.*, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Because the claims asserted by Compass Investors are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. *See* 1 ALBERT CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

As to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to adequacy, a court must evaluate "whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation"). Compass Investors satisfies the "adequacy" requirement in the instant litigation because its interests clearly align with the interests of the putative Class. Moreover, Compass Investors, like all other members of the putative Class, suffered losses as a result of purchasing Compass securities at prices that were artificially inflated due to Defendants' alleged fraudulent misconduct. Compass Investors will, therefore, benefit from the same relief as other Class members. In short, there is no evidence of antagonism between Compass Investors and the putative Class.

To further demonstrate its ability to litigate this case in the best interests of the Class, Compass Investors submitted the Joint Declaration, which describes how and why it came to work together in this action. *See* Jasnoch Decl., Ex. G ¶¶6-14. The Joint Declaration also affirms Compass Investors' understanding of the duties owed to the Class, discusses its constituent members' sophistication, backgrounds

8

and experience, and that they are confident in their ability to oversee counsel in this matter. *See id.* ¶¶1-5, 15-17. Through the Joint Declaration and PSLRA Certifications, Compass Investors has demonstrated that it understands and accepts the fiduciary obligations it will assume if appointed Lead Plaintiff and will zealously represent the interests of all Class members. *See* Jasnoch Decl., Exs. E, G.

Compass Investors has also demonstrated that it is an adequate representative in this matter by having retained competent and experienced counsel. As shown below, Scott+Scott and BFA are highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Compass Investors has made a *prima facie* showing that it satisfies all the requirements of Fed. R. Civ. P. Rule 23 for the purposes of his motion.

### 4. The Compass Investors Are Ideal to Represent the Class

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, Compass Investors—comprised of a sophisticated institutional and sophisticated individual investor—is precisely the type of group that courts routinely appoint to serve as Lead Plaintiff. The text of the PSLRA expressly permits the appointment of a group of class members to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *id.* § 78u-4(a)(3)(B)(i); *see also In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "groups can serve as lead plaintiff."). Accordingly, courts in the Ninth Circuit routinely appoint groups of class members as Lead Plaintiff when they are "small and manageable," as here. *See, e.g.*, *Perrin v. Sw. Water Co.*, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("courts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation.").

As set forth in the Joint Declaration, Compass Investors is a small and manageable group that has demonstrated its commitment and ability to work

9

together cohesively in the prosecution of this action. Indeed, it consists of Erie County—an institutional investor with prior success prosecuting securities class actions including as part of a Lead Plaintiff group—which Congress encouraged to "take the reins" in such cases. *See* Jasnoch Decl., Ex. G ¶3; *see* H.R. Conf. Rep. No. 104-369, at \*34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 755 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representations in securities class actions"). It also consists of Olson7, which is led by a sophisticated individual investor with prior experience overseeing attorneys, and likewise demonstrated its commitment and ability to oversee this action in the best interests of all Class members. *See* Jasnoch Decl., Ex. G ¶5. Numerous courts have appointed small groups consisting of sophisticated institutional and individual investors as Lead Plaintiff, finding that they materially benefit the representation provided to absent Class members. *See, e.g., Steamfitters Local 449 Pension & Ret. Sec. Funds v. Sleep No. Corp.*, 2022 WL 1607306, at \*6 (D. Minn. May 20, 2022) (appointing an institutional investor and individual investor as co-lead plaintiffs because the grouping offered "different perspectives" and "materially add[ed] to the overall quality of lead representation" of the class).

Compass Investors is also particularly well-suited to lead this litigation because, in addition to representing the perspective of institutional and individual investors, it also represents the interests of both common and preferred stockholders. Erie County invested in Compass common stock while Olson7 invested in the preferred. *See id.* ¶6. Compass Investors, which together incurred significant losses on both the common and preferred, is thus ideally situated to ensure that the entire Class receives the best possible representation and maximizes any recovery at the end of the litigation. *See In re Nw. Corp. Sec. Litig.*, 2003 WL 27395940, at \*2 (D.S.D. June 12, 2003) ("This group is the only one of those seeking to be lead plaintiff to have allegedly suffered losses from both the purchase of NorthWestern's

10

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

common stock and preferred securities based upon the alleged materially false and misleading press releases, prospectuses, registration statements and financial statements overstating NorthWestern's revenues and earnings. Thus, their claims are typical of all persons and entities that have filed complaints in these lawsuits."), *adhered to on reconsideration*, 299 F. Supp. 2d 997 (D.S.D. 2003).

The Joint Declaration also explains how and why Compass Investors decided to collaborate in this litigation and establishes how it intends to oversee counsel and this litigation. Specifically, while investigating the claims against Compass with its counsel, BFA, Olson7 expressed an interest in working together with an experienced investor that purchased Compass common stock, like Erie County, to serve as Lead Plaintiff in this case. *See id.* ¶7. Olson7's investigation included an assessment of the complaint that Scott+Scott filed against Compass. *Id.* Likewise, during Erie County's investigation, it expressed an interest in working together with an investor who could help represent the interests of different classes of Compass securities and bring about a diverse set of perspectives to best lead the class. *Id.*

Because Compass Investors is a small and manageable group consisting of both sophisticated institutional and individual investors—as well as investors that purchased both Compass common and preferred stock—its members each independently determined that their collaboration will enhance the quality of the representation afforded to the proposed Class. *See id.* ¶¶7-9. Compass Investors also decided to seek appointment as Lead Plaintiff because working together would allow for the sharing of resources and experiences, and advance its shared goals and interests in ensuring the Class's claims will be zealously and efficiently litigated, and achieving the best possible result for the Class. *See id.* ¶¶9-10, 12-13.

As shown in the Joint Declaration, Compass Investors has demonstrated its commitment to working cohesively in the prosecution of the actions. *See id.* ¶¶9-13. The Joint Declaration also details the steps that Compass Investors has already taken (and will continue to take) to ensure the vigorous prosecution of the actions

11

and to oversee counsel. *See id.* ¶¶8-13. Specifically, before seeking appointment as Lead Plaintiff, representatives of Erie County and Olson7 participated in a conference call and discussed together, among other things, the strengths of the claims against Defendants and their ability and incentive to vigorously represent the claims of the Class and oversee counsel. *See id.* ¶¶10-11. Compass Investors understands the duties of a Lead Plaintiff pursuant to the PSLRA, including, among other things, the lead plaintiff process and Compass Investors' common goals and strategy for the joint prosecution of this litigation. *See id.* ¶¶2-13. The collaboration of Compass Investors in this litigation follows its shared goals and interests in protecting and maximizing the assets of Compass Investors and the Class and ensuring the transparency of statements by public companies in connection with corporate events. *See id.* ¶¶9-13.

The evidence submitted by Compass Investors establishing its commitment to zealously and efficiently represent the interests of the entire Class is more than sufficient to satisfy the adequacy and typicality requirements here. Courts routinely appoint groups of investors as Lead Plaintiff based on similar evidence. *See, e.g.*, *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *4 (N.D. Cal. May 10, 2016) (appointing as lead plaintiff a group of five investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, [and] will stay in regular communication with counsel and with each other"); *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class").

In sum, Compass Investors has demonstrated its willingness, resources, and commitment to working closely with one another to supervise proposed counsel for

12

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

the Class and obtain the best possible recovery for the Class.  Thus, the Class would benefit from Compass Investors' leadership of this litigation.

### C.   The Court Should Approve Compass Investors' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice[]"); *Cavanaugh*, 306 F.3d at 733 n.12.

Compass Investors has selected the law firms of Scott+Scott and BFA to represent the Class.  Scott+Scott and BFA have substantial experience in the prosecution of securities fraud class actions and possess the necessary resources to efficiently conduct this litigation.  *See* Jasnoch Decl., Exs. H-I (firm résumés).

Scott+Scott has leveraged nearly five decades of experience in securities class actions into frequent appointment as lead or co-lead counsel and substantial recoveries on behalf of investors throughout the country.  For example, Scott+Scott was recently appointed lead counsel in *White v. Brooge Energy Limited*, No. 2:24-cv-00959 (C.D. Cal.), and *Rondini v. Kyverna Therapeutics, Inc.*, No. 3:24-cv-08869 (N.D. Cal.).  *See* Jasnoch Decl., Ex. H. Scott+Scott has also recovered hundreds of millions on behalf of investors in state and federal courts in California.[7]  *Id.*

Like Scott+Scott, BFA is among the foremost securities class action law firms in the country.  BFA's partners have served as lead and co-lead counsel on behalf of

---

[7]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re Micro Focus Int'l plc Sec. Litig.*, Lead Case No. 18-cv-01549 (Cal. Super. Ct. San Mateo Cnty.) ($107.5 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); and *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.) ($13 million).

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

dozens of investors in securities class actions and have secured significant recoveries on behalf of investors in some of the most prominent fraud cases in recent decades. *See* Jasnoch Decl., Ex. I.  For example, BFA recently achieved a $420 million resolution on behalf of investors in *Ontario Teachers' Pension Plan Board v. Teva Pharmaceuticals Industries Ltd*., No. 3:17-cv-00558-SRU (D. Conn.).  *Id.*  In this Circuit, BFA also recently secured a $129 million resolution on behalf of investors in *The Police Retirement System of St. Louis v. Granite Construction Inc*., No. 3:19-cv-04744-WHA (N.D. Cal.).  *Id.*  Previously, BFA secured a $234 million resolution for the benefit of the class in *In re MF Global Holdings Securities Litigation*, No. 11-cv-07866-VM (S.D.N.Y. July 15, 2016), a $120 million recovery in *Freedman v. Weatherford International Ltd*., No. 12-cv-02121-LAK (S.D.N.Y. Nov. 4, 2015), and a $219 million resolution in *In re Genworth Financial, Inc. Securities Litigation*, No. 14-cv-00682-JAG (E.D. Va. Sept. 26, 2016), which represents the largest securities class action recovery ever achieved in the Eastern District of Virginia.  *Id.*

What's more, Scott+Scott and BFA have a history of working together, including in two shareholder derivative actions involving The Boeing Company: *Oklahoma Firefighters Pension and Retirement System v. Calhoun*, No. 1:24-cv-01200 (E.D. Va); and *In re The Boeing Co. Derivative Litig.*, No. 2024-1210 (Del. Ch.) (Scott+Scott and BFA appointed as derivative counsel).  *See* Jasnoch Decl., Exs. H-I.

In light of the foregoing, the Court should approve Compass Investors' selection of Scott+Scott and BFA as Co-Lead Counsel for the putative Class.  The Court can be assured that by approving Compass Investors' choice of Co-Lead Counsel, the putative Class will receive the highest caliber of representation.

## IV.    CONCLUSION

For all of the foregoing reasons, Compass Investors respectfully requests that the Court consolidate the Related Actions, appoint Compass Investors as Lead

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE

Plaintiff, and approve its selection of Scott+Scott and BFA to serve as Co-Lead Counsel.

DATED: July 8, 2025                              Respectfully submitted,

                                                **SCOTT+SCOTT ATTORNEYS AT LAW LLP**
                                                */s/ John T. Jasnoch*
                                                John T. Jasnoch (CA 281605)
                                                600 W. Broadway, Suite 3300
                                                San Diego, CA 92101
                                                Telephone: 619-233-4565
                                                Facsimile:  619-233-0508
                                                jjasnoch@scott-scott.com

                                                Thomas L. Laughlin, IV (*pro hac vice*)
                                                Matthew A. Peller (*pro hac vice*)
                                                Nicholas S. Bruno (*pro hac vice*)
                                                The Helmsley Building
                                                230 Park Ave., 24th Fl.
                                                New York, NY 10169
                                                Telephone: 212-223-6444
                                                Facsimile:  212-223-6334
                                                tlaughlin@scott-scott.com
                                                mpeller@scott-scott.com
                                                nbruno@scott-scott.com

                                                **BLEICHMAR FONTI & AULD LLP**
                                                Lesley E. Weaver (CA 191305)
                                                Anne K. Davis (CA 267909)
                                                Adam McCall (CA 302130)
                                                1330 Broadway, Suite 630
                                                Oakland, California 94612
                                                Telephone: 415-445-4003
                                                Facsimile: 415-445-4020
                                                lweaver@bfalaw.com
                                                adavis@bfalaw.com
                                                amccall@bfalaw.com

                                                *Counsel for Lead Plaintiff Movant Compass Investors and Proposed Co-Lead Counsel for the Class*

15

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Compass Investors, certifies that this brief contains 4,629 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 8, 2025

*/s/ John T. Jasnoch*
John T. Jasnoch

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of this filing via electronic means to all counsel of record.

DATED: July 8, 2025

/s/ John T. Jasnoch
John T. Jasnoch

17

MEMORANDUM OF LAW ISO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL
CASE NO. 8:25-cv-00981-JDE