# EXHIBIT G

**JOINT DECLARATION OF DR. KYLE FOUST AND TIMOTHY G. OLSON**

Docusign Envelope ID: CF3B9177-5204-4BA3-82A8-1389DC811245

We, Dr. Kyle Foust and Timothy G. Olson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.    We respectfully submit this Joint Declaration in support of the motion (the "Motion") of Erie County Employees' Retirement System ("Erie County") and Olson 7 Management, LLC ("Olson7") for appointment as Lead Plaintiff in the securities class actions against Compass Diversified Holdings ("Compass" or the "Company"), other Compass-related entities, and certain Compass executive officers (collectively, "Defendants") and approval of their selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Bleichmar Fonti & Auld LLP ("BFA") to serve as Lead Counsel for the proposed Class. We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the Lead Plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the actions. We each have personal knowledge about the information in this Joint Declaration relating to each of us and the respective entities with which we are associated.

2.    I, Dr. Kyle Foust, am Board Secretary to Erie County, and I am authorized to make this declaration on behalf of Erie County. Erie County provides retirement benefits for employees of Erie County, Pennsylvania. As set forth in the Motion and supporting papers, Erie County suffered substantial losses on its investments in Compass common stock as a result of the violations of the federal securities laws alleged in the actions.

3.    Erie County is a sophisticated institutional investor that understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Erie County's familiarity with the PSLRA's requirements is informed by, among other things, its prior experience serving as a Lead Plaintiff in a securities class action together with an institutional and individual investor. *See Beaver County Employees' Retirement Fund v. Tile Shop Holdings, Inc.*,

No. 14-cv-00786 (D. Minn.) ($9.5 million recovery). Erie County also has experience serving as a representative party in other securities class actions, which most recently includes *Erie County Employees' Retirement System v. Hayward Holdings, Inc.*, No. 2:23-cv-20764 (D.N.J.) (Erie County filed the initial complaint but was not appointed as lead plaintiff); and *In re Cutera, Inc. Securities Litigation*, No. 4:23-cv-02560 (N.D. Cal.) (Erie County filed the initial complaint but was not appointed as lead plaintiff).

4.      I, Timothy ("Tim") G. Olson, am sole Manager of Olson7. Olson7 is a single-member LLC wholly owned by The Timothy G. Olson Trust, of which I am the sole trustee. I am authorized to make this declaration on behalf of Olson7. All of my Compass investments were made in the name of Olson7. As set forth in the Motion and supporting papers, Olson7 suffered substantial losses on its investments in Compass preferred shares as a result of the violations of the federal securities laws alleged in the actions.

5.      I, Tim Olson, reside in Canyon Lake, California. I use Olson7 to manage my investments. I am an experienced investor, having invested in the stock market for over 40 years. During my career, I was the President and Founder of Lean Solutions Institute ("LSI"), a business specializing in helping organizations increase return on investment and successfully improve client products and services. I also served as the President and Founder of Quality Improvement Consultants, Inc., a business that was launched before LSI to help organizations become quality leaders in their respective markets. I received an Associate of Arts degree from Golden Valley Lutheran College and a Bachelor of Science degree from Luther College. I hold a Master's Degree in Computer Science from the University of Massachusetts and I audited a Master's program in Software Engineering at Carnegie Mellon University. Additionally, I co-designed a Master's Degree program update in Computer Science at the University of Minnesota with other software

leaders and professors in the industry. I also worked as an Adjunct Professor at the University of Minnesota. I have experience working with and overseeing attorneys as I own a patent and two trademarks, and have been involved in prior litigation as a plaintiff. Currently, I am retired.

6.      Erie County and Olson7 are strongly motivated to recover the significant losses that they and the class suffered as a result of Defendants' violations of the federal securities laws. Erie County and Olson7's principal goal in seeking to serve as Lead Plaintiff in the actions is to achieve the best possible recovery for the class from all potentially culpable parties. To ensure an optimal result for the class and provide the class with broad representation, Erie County and Olson7 believe this case should be prosecuted by investors that best represent the composition and diversity of the class, including a sophisticated individual investor and an institutional investor with significant resources, prior experience serving as a fiduciary and overseeing the activities of outside counsel in investment-related litigation, and who together have a substantial financial interest in both Compass preferred and common stock to ensure the claims are litigated vigorously, efficiently, and in the best interests of the entire class.

7.      Erie County and Olson7's due diligence into the claims ultimately led to their partnership. During the process of investigating the claims against Compass with its counsel, BFA, Olson7 expressed an interest in working together with an experienced investor that purchased Compass common stock, like Erie County, to serve as Lead Plaintiff in this case. Olson7's investigation included an assessment of the complaint that Scott+Scott filed against Compass. Likewise, during Erie County's investigation, it expressed an interest in working together with an investor who could help represent the interests of different classes of Compass securities and bring about a diverse set of perspectives to best lead the class.

8.      Erie County and Olson7's decision to seek joint appointment as Lead Plaintiff was

4

Docusign Envelope ID: CF3B9177-5204-4BA3-82A8-1389BC811245

also informed by Mr. Olson's perspective as a sophisticated individual investor and Erie County's role as an institutional investor with prior experience in securities class action litigation, and their shared goals and interests in protecting and maximizing their assets and enhancing the reliability and transparency of information disseminated by publicly traded corporations.

9.      After analyzing the merits of the claims against Defendants and their respective losses incurred as a result of Defendants' alleged misconduct, and after consulting with their respective counsel, Erie County and Olson7 each independently determined that serving as Lead Plaintiff together would allow them to maximize the recovery for all class members, and approved the filing of their joint motion. Erie County and Olson7 are confident that their partnership, which would allow them to share their experiences, perspectives, and resources when leading this litigation, would add substantial value to the prosecution of the actions and benefit the class. Erie County and Olson7 intend to prosecute the actions in such a collaborative manner.

10.     Erie County and Olson7 agree that their partnership is well suited for this litigation and will further the interests of the Class. Indeed, Erie County and Olson7 believe that a cohesive group informed by diverse perspectives and that includes investors representing multiple types of securities will have a positive effect on the quality of the representation provided to class members, especially in a complex action such as this one. Erie County and Olson7 understand that the PSLRA expressly allows for the appointment of Lead Plaintiff groups, and courts throughout the country endorse groups of sophisticated investors to serve as Lead Plaintiff when they are able to effectively oversee counsel in an independent manner and demonstrate that they will vigorously prosecute the action in the best interests of the class. Erie County and Olson7 intend to prosecute the action against Defendants in such an independent, efficient, and vigorous manner.

11.     Prior to seeking appointment as Lead Plaintiff, representatives of Erie County Olson7 convened a conference call to discuss the leadership of this litigation and their commitment to jointly prosecute this important matter.  This call included discussion of, among other things: the facts and merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the shared desire to achieve the best possible result for the class; the shared interest in serving jointly as Lead Plaintiff in this case; and the benefits the class would receive from joint leadership of the case, particularly given that, together, Erie County and Olson7 represent both preferred and common stock as well as the perspectives of individual and institutional investors.  Erie County and Olson7 further discussed their commitment to take an active role in supervising the prosecution of the actions.  Erie County and Olson7 believe that, by working together, they will ensure that the class's claims are broadly, efficiently, and zealously prosecuted through their oversight of proposed Lead Counsel, Scott+Scott and BFA.

12.     Erie County and Olson7 further agree that their collective resources, their ability to engage in joint decision-making, and commitment to prosecuting securities class actions, as well as Erie County's prior securities class action experience, will materially benefit and advance the interests of the class in this litigation.  Through their discussions and commitment to prosecuting securities class actions they determined that they are like-minded, sophisticated investors with a substantial financial stake in this litigation, share a commitment to maximizing investors' recovery, and that their joint leadership will advance the class's interests in this case.

13.     Moreover, Erie County and Olson7 are highly motivated to recover their respective substantial losses and intend to share their perspectives, experiences, and resources to direct this litigation.  To this end, Erie County and Olson7 have discussed the importance of joint decision-

making, open communication, and the ability to confer, with or without counsel, via telephone and emails on short notice to ensure that they are able to make timely decisions. Among other things, Erie County and Olson7 are available to confer via telephone and email to ensure that they can act in a timely manner. Given their common goals and incentives to maximize the class's recovery in this case, Erie County and Olson7 do not envision having any disputes relating to their oversight of the actions. However, in the unlikely event that any such disputes arise, Erie County and Olson7 plan to engage in thorough discussion with each other and their counsel to come to a resolution.

14.    In addition to discussing their goals for the litigation, Erie County and Olson7 recognize the importance of selecting qualified counsel to prosecute the litigation, and that counsel does so in a cost-effective manner. Erie County and Olson7 believe that the class will benefit from having two law firms experienced in litigating securities class actions and successfully serving as Lead Counsel. Erie County and Olson7 are aware of the experience, resources, and successes of their proposed Lead Counsel, Scott+Scott and BFA, and are aware that Scott+Scott and BFA are accomplished law firms with established histories of achieving significant recoveries in actions they have prosecuted. What's more, Erie County and Olson7 are aware that Scott+Scott and BFA have a history of working together, including in two shareholder derivative actions involving The Boeing Company: *Oklahoma Firefighters Pension and Retirement System v. Calhoun*, No. 1:24-cv-01200 (E.D. Va); and *In re The Boeing Co. Derivative Litig.*, No. 2024-1210 (Del. Ch.) (Scott+Scott and BFA appointed as derivative counsel). Through their oversight of their proposed counsel, Erie County and Olson7 are confident that Scott+Scott and BFA will prosecute this litigation in a zealous and efficient manner.

15.    We fully believe that Scott+Scott and BFA will prosecute the actions in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the class. Our

7

Docusign Envelope ID: CF3B9177-5204-4BA3-82A8-1389DC811245

decision to select Scott+Scott and BFA as our proposed Lead Counsel was also informed by our analysis of the claims against Compass and the evidence developed by Scott+Scott and BFA through their investigation into Defendants' alleged wrongdoing, including Scott+Scott investigating and filing the action captioned *Tan v. Compass Diversified Holdings, et al.*, No. 2:25-cv-05777 (C.D. Cal.), which expanded the class period to better protect the claims of injured investors.

16.     In addition, we understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel is appropriate.  Erie County and Olson7 take this obligation seriously, and will ensure that any fee request at the end of the litigation is reasonable and properly aligns the interests of counsel with those of the class.  Erie County and Olson7 also understand that the attorneys' fees awarded to counsel in this case, if any, will be set by the Court. Ultimately, Erie County and Olson7 believe the experience and success of Scott+Scott and BFA in prosecuting securities class actions, combined with their oversight of Scott+Scott and BFA, will ensure that the class receives the best possible representation in this case.

17.     Accordingly, Erie County and Olson7 reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed as Lead Plaintiff, including conferring with each other and with counsel regarding the litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents.  Through these and other measures, Erie County and Olson7 will ensure that the actions will be vigorously prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to the Erie County Employees' Retirement System are true to the best of my knowledge.

Executed this _____ day of July 2025.

By: _____
Dr. Kyle Foust
*Board Secretary*
*Erie County Employees' Retirement System*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Olson 7 Management, LLC are true to the best of my knowledge.

Executed this ___7___ day of July 2025.

By:       *Timothy G. Olson*

                            Timothy G. Olson
                            *Sole Manager*
                            *Olson 7 Management, LLC*