1  **GIRARD SHARP LLP**
   Sean P. Greene (Bar No. 328718)
2  (sgreene@girardsharp.com)
   222 Pacific Coast Highway, 10th Floor
3  El Segundo, CA 90245
   Telephone: (415) 544-6453
4  Facsimile: (415) 981-4846

5  *Counsel for Proposed Lead Plaintiff EAS*
   *Carpenters, and Proposed Liaison Counsel for*
6  *the Class*

7  Steven J. Toll
   **COHEN MILSTEIN SELLERS**
8   **& TOLL PLLC**
   1100 New York Avenue, N.W., Suite 800
9  Washington, D.C. 20005
   Telephone: (202) 408-4600
10 Facsimile: (202) 408-4699

11 *Counsel for Proposed Lead Plaintiff EAS*
   *Carpenters, and Proposed Lead Counsel for the*
12 *Class*

13 [Additional counsel in signature block]

14              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
15

16 ROBERT J. MATTHEWS, Individually      Case No. 8:25-cv-00981-JDE
   and on behalf of all others similarly
17 situated,                             CLASS ACTION

18                        Plaintiff,     **CORRECTED MEMORANDUM OF**
                                         **POINTS AND AUTHORITIES IN**
19           v.                          **SUPPORT OF THE CORRECTED**
                                         **MOTION OF EAS CARPENTERS**
20 COMPASS GROUP DIVERSIFIED             **FOR APPOINTMENT AS LEAD**
   HOLDINGS LLC, COMPASS                 **PLAINTIFF, APPROVAL OF ITS**
21 DIVERSIFIED HOLDINGS,                 **SELECTION OF COUNSEL, AND**
   MORDECHAI HAIM FERDER, ELIAS          **CONSOLIDATION OF RELATED**
22 J. SABO, RYAN J. FAULKINGHAM,         **ACTIONS**
   and STEPHEN KELLER,
23                                       Date:  August 7, 2025
                          Defendants.    Time:  10:00 a.m.
24                                       Courtroom:  6A
                                         Judge:  Hon. John D. Early
25

26 *Captions continued on next page.*

27

28

CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORRECTED MOTION
Case No. 8:25-cv-00981-JDE

| | |
|---|---|
| TODD AUGENBAUM, Individually and on Behalf of All Others Similarly Situated, | Case No.: 8:25-cv-01003-DOC-JDE |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, and STEPHEN KELLER, | |
| Defendants. | |
| KEVIN TAN, Individually and On Behalf of All Others Similarly Situated, | Case No.: 2:25-cv-05777-JAK-MAR |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | |
| COMPASS DIVERSIFIED HOLDINGS, COMPASS GROUP DIVERSIFIED HOLDINGS LLC, COMPASS GROUP MANAGEMENT LLC, ELIAS J. SABO, RYAN J. FAULKINGHAM, STEPHEN KELLER, and PATRICK A. MACIARIELLO, | |
| Defendants. | |

# **TABLE OF CONTENTS**

I.     INTRODUCTION .................................................................................................. 2

II.    STATEMENT OF FACTS .................................................................................... 5

III.   ARGUMENT......................................................................................................... 6

     A.    EAS Carpenters Is the Most Adequate Plaintiff and Should Be
          Appointed as Lead Plaintiff.............................................................. 6

          1.    EAS Carpenters' Motion Is Timely ...................................... 7

          2.    EAS Carpenters Possesses the Largest Financial Interest in the
               Relief Sought by the Class................................................... 8

          3.    EAS Carpenters Satisfies the Rule 23 Typicality and Adequacy
               Requirements ....................................................................... 8

          4.    EAS Carpenters is Precisely the Type of Lead Plaintiff
               Envisioned by the PSLRA ................................................... 9

IV.    THE COURT SHOULD APPROVE OF EAS CARPENTERS' SELECTION
      OF COUNSEL.................................................................................................. 10

V.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................... 12

VI.    CONCLUSION.................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ali v. Intel Corp.*,
  No. 18-CV-00507-YGR, 2018 WL 2412111 (N.D. Cal. May 29, 2018).............2

*Andrade v. Am. Apparel, Inc.*,
  No. 10-06352 MMM, 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) .............12

*Augenbaum v. Compass Diversified Holdings*,
  No. 2:25-cv-01003-DOC-JDE (C.D. Cal. May 12, 2025)...............................1, 5

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
  258 F.R.D. 260 (S.D.N.Y. 2009) ........................................................12

*In re BP p.l.c. Securities Litigation*,
  4:10-md-02185 (S.D. Tex.)................................................................11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..........................................................7, 8

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009) ...........................................................10

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C 07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ..............2

*Ferreira v. Funko, Inc.*,
  No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020) ......................................................................................12

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ............................................................9

*In re Lehman Brothers Equity/Debt Securities Litigation*,
  No. 08-Civ-5523 (S.D.N.Y.)..............................................................11

*Maine State Retirement System v. Countrywide Financial Corp.*,
  No. 2:10-cv-00302 (C.D. Cal.) .........................................................11

*In re Maxar Technologies Inc. Shareholder Litigation*,
   No. 19CV357070 (Cal. Super. Ct., Santa Clara Cnty.) ......................................11

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) ..........................................................................7, 8, 9

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-cv-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014)..............2

*Milbeck v. TrueCar, Inc.*,
   No. 2:18-cv-02612-SVW-AGR, 2018 WL 4998269 (C.D. Cal. June 27,
   2018) .......................................................................................................................9

*Moreno v. Compass Grp. Diversified Holdings LLC*,
   No. 3:25-cv-00758-AWT (D. Conn. May 12, 2025).......................................1, 7

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
   No. 1:08-cv-08781 (S.D.N.Y.) .............................................................................11

*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group,
   plc*, No. 2:08-cv-05310 (S.D.N.Y.) ......................................................................11

*In re Oppenheimer Rochester Funds Group Securities Litigation*,
   No. 09-md-02063-JLK (D. Colo.) ........................................................................11

*Rubin v. MF Global, Ltd.*,
   No. 1:08-cv-02233 (S.D.N.Y.) .............................................................................11

*Shenwick v. Twitter*,
   No. 16-cv-05314-JST, 2016 WL 10672428 (N.D. Cal. Dec. 22, 2016) ...........12

*Tan v. Compass Diversified Holdings*,
   No. 2:25-cv-05777 (C.D. Cal. June 25, 2025)...............................................1, 2, 5

*In re Wells Fargo & Co. Securities Litigation*,
   No. 1:20-cv-04494 (S.D.N.Y.) .............................................................................10

*In re Woodbridge Investments Litigation*,
   No. 2:18-cv-00103 (C.D. Cal.) .............................................................................11

**Statutes**

15 U.S.C. § 78j(b) ........................................................................................................2

15 U.S.C. § 78t(a) ..................................................................................................2

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ...........................................................................7

15 U.S.C. § 78u-4(a)(3)(B) .....................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..............................................................................12

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................4, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................3, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .....................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ......................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................4, 10

**Other Authorities**

17 C.F.R. § 240.10b-5 .............................................................................................2

Fed. R. Civ. P. 23(a)(3)–(4) ....................................................................................8

H.R. Conf. Rep. No. 104-369 (1995) ....................................................................10

S. Rep. No. 104-98 (1995) ....................................................................................10

Movant Eastern Atlantic States Carpenters Benefit Funds ("EAS Carpenters" or "Movant") files this memorandum of law in support of its Corrected Motion for Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions ("Motion").[1] EAS Carpenters moves this Court, under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) appointing EAS Carpenters as Lead Plaintiff; (ii) approving EAS Carpenters' selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel and Girard Sharp LLP ("Girard Sharp") as Liaison Counsel for the proposed class; (iii) consolidating the above-captioned securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (iv) granting such other and further relief as the Court may deem just and proper.

---

[1] On July 8, 2025, Movant EAS Carpenters filed a Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel, and Consolidation of Related Actions in the actions captioned *Augenbaum v. Compass Diversified Holdings, et al.*, No. 8:25-cv-01003-DOC-JDE (C.D. Cal.) and *Tan v. Compass Diversified Holdings, et al.*, No. 2:25-cv-05777-JAK-MAR (C.D. Cal.), and in an out-of-district action captioned *Moreno v. Compass Grp. Diversified Holdings LLC*, No. 3:25-cv-00758-AWT (D. Conn.). Due to an administrative oversight, Movant EAS Carpenters did not file its Motion for Appointment as Lead Plaintiff in this action, *Matthews v. Compass Group Diversified Holdings, LLC, et al.*, No. 8:25-cv-00981-JDE (C.D. Cal.). *See* Corrected Declaration of Sean P. Greene in Support of Corrected Motion for Appointment as Lead Plaintiff ("Greene Decl."), ¶ 3, submitted concurrently with the Corrected Motion and this memorandum. EAS Carpenters accordingly files the Corrected Motion, submitted herewith, in *Matthews v. Compass Group Diversified Holdings, LLC, et al.*, No. 8:25-cv-00981-JDE (C.D. Cal.), *Augenbaum v. Compass Diversified Holdings, et al.*, No. 8:25-cv-01003-DOC-JDE (C.D. Cal.), and *Tan v. Compass Diversified Holdings, et al.*, No. 2:25-cv-05777-JAK-MAR (C.D. Cal.), seeking the relief outlined in the accompanying proposed corrected order. *See* Greene Decl., ¶ 4.

# I.    INTRODUCTION

On May 9, 2025, Plaintiff Robert J. Matthews ("Plaintiff" or "Matthews") filed a securities fraud class action case under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, on behalf of all purchasers of publicly traded Compass Group Diversified Holdings LLC and Compass Diversified Holdings securities between May 1, 2024, and May 7, 2025, inclusive. Mr. Matthews brought these claims against Compass Group Diversified Holdings, LLC and Compass Diversified Holdings (collectively "Compass Group" or "the Company"), and four current and former officers including Mordechai Haim "Morti" Ferder (founder and former Chief Executive Officer of Lugano Holdings, Inc.), Elias J. Sabo (Partner and Chief Executive Officer of Compass Group); Ryan J. Faulkingham (Chief Financial Officer of Compass Group); and Stephen Keller (Executive Vice President and Chief Financial Officer of Compass Group) (collectively, the "Individual Defendants," and together with Compass Group, "Defendants").[2]

---

[2] The Related Actions assert substantially similar allegations against overlapping defendants, but in *Tan v. Compass Group Holdings*, the class period is expanded by one year and defined as March 1, 2023, to May 7, 2025, inclusive, and there are additional defendants Patrick A. Maciariello (Partner and Chief Operating Officer of Compass Group) and Compass Group Management LLC. "For the purpose of determining lead plaintiff, ... use of the longer, most inclusive class period … is proper, as it encompasses more potential class members....," *Ali v. Intel Corp.*, No. 18-CV-00507-YGR, 2018 WL 2412111, at *2 n.6 (N.D. Cal. May 29, 2018) (quoting *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402 (S.D.N.Y. 2006)). Accordingly, for purposes of this Motion, EAS Carpenters defines the Class Period as March 1, 2023, to May 7, 2025, and calculates its losses on this time period. *See also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, *2 (N.D. Cal. Aug. 22, 2008) ("Though a

According to the Complaint, ECF No. 1,[3] Defendants made false and misleading statements concerning the financial condition of Lugano Diamonds & Jewelry, Inc. ("Lugano"), the Company's wholly owned subsidiary, throughout 2024 and early 2025, and the effectiveness of the Company's disclosure controls and procedures for its financial reporting. ¶¶ 19-38. Compass Group investors, including EAS Carpenters, incurred significant losses when investors learned that Compass Group was conducting an internal investigation of Lugano because the Company had "preliminarily identified irregularities" in Lugano's accounting practices that rendered the financial statements for 2024 unreliable. ¶ 39.

Under the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, EAS Carpenters is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because, among other things, EAS Carpenters has the largest financial interest in the relief sought by the Class, incurring over $1.79 million in losses on its purchases of 119,612 shares of Compass Group common stock. *See* Ex. B (Loss Chart).[4]

---

shorter class period may simplify the litigation, no benefits accrue by shortening the class period at this stage in the litigation."). As discussed below, EAS Carpenters is simultaneously moving for Lead Plaintiff in a related action in the District of Connecticut and will therein submit loss calculations in accordance with the operative class period in that matter which is February 24, 2022 to May 7, 2025. *See infra* n.7.

[3] All citations to the Complaint are denoted by "¶ ##".

[4] Unless otherwise indicated, citations to "Ex. __" are to exhibits to the Corrected Declaration of Sean P. Greene in Support of the Corrected Motion for Appointment as Lead Plaintiff.

EAS Carpenters also meets the typicality and adequacy requirements of Rule 23 because its claims are typical of absent Class members, and because it will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Indeed, EAS Carpenters is precisely the type of sophisticated institution that Congress intended to empower to lead securities class actions. EAS Carpenters possesses the capability, resources, and experience to oversee this complex litigation and guarantee the vigorous prosecution of the action.

Further, as stated in its Certification, EAS Carpenters is committed to actively monitoring and vigorously pursuing this action for the benefit of the Class, will strive to provide fair and adequate representation to obtain the largest possible recovery for the Class, and fully understands the Lead Plaintiff's obligations to the Class under the PSLRA. *See* Ex. A (Certification of EAS Carpenters). Based on EAS Carpenters' significant financial interest and its commitment and ability to oversee the action, EAS Carpenters requests that the Court appoint it as Lead Plaintiff.

Finally, EAS Carpenters requests that the Court approve its selection of Cohen Milstein as Lead Counsel and Girard Sharp as Liaison Counsel for the proposed Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Cohen Milstein is a nationally recognized securities class action litigation firm, has recovered billions of dollars for defrauded investors, and is eminently qualified to prosecute the case. Girard Sharp also has extensive experience in securities class action litigation, having recovered millions of dollars on behalf of the firm's clients and the classes they represented.

## II.    STATEMENT OF FACTS[5]

Compass Group is a holding company and trust created for the purpose of acquiring and managing a group of small and middle-market businesses headquartered in North America. The Company takes controlling interests in and actively manages businesses that Defendants claim: "(i) operate in industries with long-term macroeconomic growth opportunities; (ii) have positive and stable cash flows; (iii) face minimal threats of technological or competitive obsolescence; and (iv) have strong management teams largely in place." Augenbaum Compl. ¶ 16.

In September 2021, Compass Group acquired Lugano, a high-end jeweler, for approximately $256 million. Augenbaum Compl. ¶ 17. Thereafter, Compass Group consistently promoted Lugano's performance as a key growth engine for the Company. In numerous earnings calls, press releases, SEC filings, and investor presentations spanning 2023 through early 2025,[6] Compass Group executives painted a picture of Lugano as an exceptional performer with tremendous revenue growth. Augenbaum Compl. ¶¶ 18, 21–28. Defendants repeatedly emphasized a strong correlation between inventory investments and EBITDA gains, claiming that Lugano provided superior value to consumers and positioned the Company for long-term returns. Augenbaum Compl. ¶¶ 21, 23, 25, 27.

During the Class Period, Compass Group publicly assured investors that it had performed rigorous due diligence when acquiring Lugano. Annual and quarterly reports, including those filed on Forms 10-K and 10-Q, were accompanied by certifications from

---

[5] To provide additional facts about Defendants and the nature of the action, EAS Carpenters also cites to the complaint filed in *Augenbaum v. Compass Diversified Holdings*, No. 8:25-cv-01003-DOC-JDE (C.D. Cal. May 12, 2025), ECF No. 1 ("Augenbaum Compl."), which is cited above as one of the Related Actions.

[6] While the Complaint begins the alleged misstatements in May 2024, the complaint in one of the Related Actions alleges materially false and misleading statements as early as March 2023. *See Tan v. Compass Diversified Holdings*, No. 2:25-cv-05777 (C.D. Cal. June 25, 2025), ECF No. 1.

1   the Individual Defendants attesting to the accuracy and integrity of Lugano's financial
2   statements, pursuant to the Sarbanes-Oxley Act. ¶¶ 19-20, 24-25, 29-30, 34-35. However,
3   the Complaint alleges that these statements were materially false and misleading because
4   they concealed critical facts about Compass Group's deficient internal controls and
5   financial irregularities at Lugano. *E.g.*, ¶¶ 21, 26, 31, 36.

6        The truth began to emerge on May 7, 2025, when Compass Group announced that
7   its previously issued financial statements for fiscal year 2024 could no longer be relied
8   upon due to an ongoing investigation of Lugano. ¶ 39. Compass disclosed that its Audit
9   Committee had initiated an internal investigation into Lugano after concerns emerged
10  regarding how Lugano's "financing, accounting, and inventory practices." *Id.* Preliminary
11  findings, according to the Company's press release and accompanying Form 8-K, revealed
12  significant irregularities in Lugano's non-Compass financing, as well as its accounting and
13  inventory practices. Augenbaum Compl. ¶ 30. As a result, Compass indicated that it would
14  restate its 2024 financials and might need to restate prior years. *Id.* The company also
15  announced that it would delay its Form 10-Q filing for the first quarter of 2025 and would
16  not hold its usual earnings call. *Id.*

17       In tandem with these revelations, Lugano's Chief Executive Officer and founder,
18  Morti Ferder, resigned from all positions effective immediately and forfeited any severance
19  compensation. *Id.* Nevertheless, investor confidence plummeted. Compass's stock price
20  dropped precipitously by 62% on May 8, wiping out a significant portion of shareholder
21  value. Augenbaum Compl. ¶ 31.

22  **III.   ARGUMENT**

23      **A.   EAS Carpenters Is the Most Adequate Plaintiff and Should Be Ap-
    pointed as Lead Plaintiff**

24       The PSLRA sets forth the procedure for the appointment of a Lead Plaintiff in class
25  actions under the Exchange Act and establishes a presumption that the "most adequate
26  plaintiff" is the "person or group of persons" that "has the largest financial interest in the

28

---

CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORRECTED MOTION
Case No. 8:25-cv-00981-JDE

relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C.
§ 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)
(discussing the process for selecting a Lead Plaintiff under the PSLRA); *In re Mersho*,
6 F.4th 891, 896 (9th Cir. 2021) (same). EAS Carpenters is the "most adequate plaintiff"
and should be appointed as Lead Plaintiff.[7]

### 1.    EAS Carpenters' Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff
within 60 days of the publication of notice that the first action asserting substantially the
same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On May 9, 2025,
Matthews filed a securities class action against Defendants in this District, asserting claims
under the Exchange Act. That same day, Matthews' counsel published a notice on *Business
Wire*, advising putative class members of the pendency of the action and claims asserted
and the right to move the Court to be appointed as Lead Plaintiff by July 8, 2025. *See* Ex.
C (Notice of Pendency). As EAS Carpenters' Motion is timely, EAS Carpenters is entitled
to be considered for appointment as Lead Plaintiff.

---

[7] On May 12, 2025, a separate securities class action was filed in the District of Connecticut against Compass Group, the Individual Defendants, and Patrick A. Maciariello (Partner and Chief Operating Officer of Compass Group). *See* Compl., *Moreno v. Compass Grp. Diversified Holdings LLC*, No. 3:25-cv-00758-AWT (D. Conn. May 12, 2025), ECF No. 1) ("*Moreno*"). The *Moreno* action is based on similar and related misrepresentations and omissions in connection with Lugano. On June 24, 2025, the operative complaint in that case was filed on behalf of all persons or entities that, like EAS Carpenters, purchased or otherwise acquired Compass Group common stock between February 24, 2022, and May 7, 2025, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder. While cases in different districts cannot be consolidated, it is possible that the defendants in *Moreno* may seek to transfer that case to this Court, because Lugano maintains its principal executive offices in this District and the preparation of materially false and misleading statements occurred in substantial part in and from this District. Certain of the Individual Defendants also reside in this District. It is also possible that Defendants may seek to transfer this case to the District Court of Connecticut. Regardless of whether *Moreno* is transferred, EAS Carpenters' purchases of Compass Group stock render EAS Carpenters eligible to move for Lead Plaintiff in that case as well, and it intends to do so.

---

### 2. EAS Carpenters Possesses the Largest Financial Interest in the Relief Sought by the Class

EAS Carpenters should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). During the Class Period, EAS Carpenters purchased 119,612 shares of Compass Group stock and incurred over $1.79 million in losses. *See* Ex. B. EAS Carpenters is not aware of any other applicant seeking Lead Plaintiff appointment that has a larger financial interest. Accordingly, EAS Carpenters has the largest financial interest of any qualified movant and is entitled to the presumption under the PSLRA that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 3. EAS Carpenters Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, EAS Carpenters also "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4); *see also Cavanaugh*, 306 F.3d at 730. At the Lead Plaintiff stage, "the Rule 23 determination should be based on only the movant's pleadings and declarations." *Mersho*, 6 F.4th at 899. The Court need not raise its inquiry to the level required in ruling on a motion for class certification—instead, only "a prima facie showing" of typicality and adequacy is necessary. *Id.* Moreover, once the movant with the largest financial interest has made a "prima facie showing of adequacy and typicality," rebutting the PSLRA's presumption in favor of the movant "requires proof that the presumptive lead plaintiff is not adequate." *Id.*

EAS Carpenters' claims are typical of all other Class members. A Lead Plaintiff meets the typicality requirement if "other [Class] members have the same or similar injury . . . the action is based on conduct which is not unique to the named plaintiffs, and . . . other

class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted) (superseded by statute on other grounds). Here, like all other Class members, EAS Carpenters purchased Compass Group common stock at prices artificially inflated by Defendants' materially false and misleading statements or omissions and suffered damages. Thus, EAS Carpenters' claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other Class members. Accordingly, EAS Carpenters' claims are typical of those of the purported Class members.

EAS Carpenters likewise satisfies the adequacy requirement of Rule 23. Adequacy is met where the movant and its counsel do not "have any conflicts of interest with other class members" and will "prosecute the action vigorously on behalf of the class." *Mersho*, 6 F.4th at 899–900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). EAS Carpenters' substantial financial stake in this litigation provides it with the incentive to vigorously represent the Class's claims.[8] EAS Carpenters' interests are aligned with those of the other Class members and there are no facts to suggest any actual or potential conflict of interest or other antagonism between EAS Carpenters and other Class members. Finally, as described below, EAS Carpenters has also demonstrated its adequacy through its selection of Cohen Milstein and Girard Sharp to represent the Class in this action. Accordingly, EAS Carpenters satisfies Rule 23's adequacy requirement.

### 4. EAS Carpenters is Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

EAS Carpenters is a sophisticated institutional investor with substantial experience serving as Lead Plaintiff under the PSLRA. *See* Ex. A. Thus, EAS Carpenters is the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA. *See Milbeck v. TrueCar, Inc.*, No. 2:18-cv-02612-SVW-AGR, 2018 WL 4998269, at *3 (C.D.

---

[8] *See* Ex. A ¶ 4; Ex. B.

CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORRECTED MOTION
Case No. 8:25-cv-00981-JDE

Cal. June 27, 2018) ("[A]s a sophisticated institutional investor, Oklahoma Police is exactly the type of Lead Plaintiff Congress sought to carry out class action securities litigation when it enacted the PSLRA."); S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The [c]ommittee intends to increase the likelihood that institutional investors will serve as lead plaintiffs"); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

## IV.    THE COURT SHOULD APPROVE OF EAS CARPENTERS' SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel should be approved, and the court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 711–12 (9th Cir. 2009).

EAS Carpenters has selected Cohen Milstein to serve as Lead Counsel. EAS Carpenters' selection of counsel should be approved. 15 U.S.C. § 78u-4(a)(3)(B)(v). Cohen Milstein is a firm with undisputed skill in litigating securities fraud class actions. Most recently, *Law 360* named Cohen Milstein 2023 Practice Group of the Year in Securities and *Chambers USA* named Cohen Milstein Top Ranked for Securities Litigation. Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. *See* Ex. D (Cohen Milstein Firm Resume). By applying innovative legal theories and litigation strategies, Cohen Milstein has recovered billions of dollars for investors in some of the largest and most complex securities class actions. A few of Cohen Milstein's notable recoveries include: a $1 billion settlement in a securities fraud class action lawsuit against Wells Fargo, captioned *In re Wells Fargo & Co. Securities Litigation*, No. 1:20-cv-04494 (S.D.N.Y.); a $500 million

settlement in the mortgage-backed securities class action against Countrywide Financial Corp., captioned *Maine State Retirement System v. Countrywide Financial Corp.*, No. 2:10-cv-00302 (C.D. Cal.); a $275 million settlement in a mortgage-backed securities class action against the Royal Bank of Scotland, captioned *New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*, No. 2:08-cv-05310 (S.D.N.Y.); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks, captioned *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 1:08-cv-08781 (S.D.N.Y.); a $175 million settlement in a certified class action stemming from the Deepwater Horizon oil spill, captioned *In re BP p.l.c. Securities Litigation*, 4:10-md-02185 (S.D. Tex.); and a $90 million settlement in a class action against MF Global, captioned *Rubin v. MF Global, Ltd.*, No. 1:08-cv-02233 (S.D.N.Y.).

EAS Carpenters has also selected Girard Sharp to serve as Liaison Counsel. Girard Sharp has successfully prosecuted securities and other complex financial fraud cases throughout the country on behalf of injured investors. The following are representative examples of Girard Sharp's work on behalf of aggrieved investors: negotiated a $120 million settlement for an investor class following the collapse of Lehman Brothers Holdings, Inc. in a class action lawsuit captioned *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-Civ-5523 (S.D.N.Y.); secured a $54.2 million settlement benefiting injured investors in a class action lawsuit captioned *In re Woodbridge Investments Litigation*, No. 2:18-cv-00103 (C.D. Cal.); obtained a $50.75 million settlement for an investor class in a securities class action lawsuit captioned *In re Oppenheimer Rochester Funds Group Securities Litigation*, No. 09-md-02063-JLK (D. Colo.); and secured a $36.5 million settlement for an investor class in a securities class action lawsuit captioned *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Super. Ct., Santa Clara Cnty.).

Thus, the Court may be assured that by granting EAS Carpenters' Motion, the Class will receive the highest caliber of legal representation.

## V.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a Lead Plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

District Courts have discretion under Rule 42(a) to consolidate "'actions . . . involv[ing] a common question of law or fact.'" *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 (C.D. Cal. June 11, 2020) (quoting Fed. R. Civ. P. 42(a)); *see also Shenwick v. Twitter*, No. 16-cv-05314-JST, 2016 WL 10672428, at *1 (N.D. Cal. Dec. 22, 2016) (the "district court has broad discretion under this rule to consolidate cases pending in the same district") (quoting *Invs. Rsch. Co. v. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989)).

Consolidation of the Related Actions is appropriate. The Related Actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against the same or similar defendants, relating to largely the same period of time, and are premised on the same or similar categories of misstatements. While the Related Actions propose different class periods, this difference does not render consolidation inappropriate because such a difference in the pleadings does not outweigh the interests of judicial economy served by consolidation. *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) ("[n]either Rule 42 nor the PSLRA demands that actions be identical before they are consolidated") (citing *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000)); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) ("[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation") (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91

(S.D.N.Y. 2007)). Accordingly, EAS Carpenters respectfully requests that the Related Actions be consolidated under the caption *In re Compass Diversified Holdings Securities Litigation*, No. 8:25-cv-00981-JDE.

## VI.    CONCLUSION

For the foregoing reasons, EAS Carpenters respectfully requests that the Court enter an Order: (i) appointing it as Lead Plaintiff; (ii) approving its selection of Cohen Milstein as Lead Counsel for the Class and Girard Sharp as Liaison Counsel; (iii) consolidating the Related Actions; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: July 9, 2025

Respectfully submitted,

**GIRARD SHARP LLP**

By: */s/ Sean P. Greene*
Sean P. Greene (Bar No. 328718)
(sgreene@girardsharp.com)
222 Pacific Coast Highway, 10th Floor
El Segundo, CA 90245
Tel.: (415) 544-6453

Adam E. Polk (Bar No. 273000)
(apolk@girardsharp.com)
601 California St., Suite 1400
San Francisco, CA 94108
Tel.: (415) 544-6280

*Counsel for Proposed Lead Plaintiff*
*EAS Carpenters, and Proposed Liaison*
*Counsel for the Class*

**COHEN MILSTEIN SELLERS**
**  & TOLL PLLC**

Steven J. Toll (*pro hac vice* forthcoming)
(stoll@cohenmilstein.com)
Brendan Schneiderman (*pro hac vice*
forthcoming)
(bschneiderman@cohenmilstein.com)
1100 New York Ave., N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 406-4600

-and-

Christina D. Saler (*pro hac vice*
forthcoming)
(csaler@cohenmilstein.com)
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Tel.: (267) 479-5700

*Counsel for Proposed Lead Plaintiff EAS*
*Carpenters, and Proposed Lead Counsel for*
*the Class*

CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORRECTED MOTION
Case No. 8:25-cv-00981-JDE

14

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for EAS Carpenters, certifies that this brief contains 4,141 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 9, 2025

**GIRARD SHARP LLP**

By: */s/ Sean P. Greene*
Sean P. Greene (Bar No. 328718)
(sgreene@girardsharp.com)
222 Pacific Coast Highway, 10th Floor
El Segundo, CA 90245
Tel.: (415) 544-6453

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.


**GIRARD SHARP LLP**

By: */s/ Sean P. Greene*
Sean P. Greene (Bar No. 328718)
(sgreene@girardsharp.com)
222 Pacific Coast Highway, 10th Floor
El Segundo, CA 90245
Tel.: (415) 544-6453