UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00981-MRA-KES<br>8:25-cv-01003-MRA-KES JS-6<br>2:25-cv-05777-MRA-KES JS-6 | Date | |
|---|---|---|---|
| | | | August 22, 2025 |
| Title | *Matthews et al. v. Compass Group Diversified Holdings, LLC, et al.*<br><br>*Augenbaum et al. v. Compass Diversified Holdings, et al.*<br><br>*Tan et al. v. Compass Diversified Holdings, et al.* | | |

Present: The Honorable    MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

Proceedings:    (IN CHAMBERS) ORDER RE CONSOLIDATION OF CASES
AND APPOINTMENT OF LEAD PLAINTIFF(S) AND COUNSEL

Before the Court are multiple motions to consolidate related cases and appoint lead plaintiff(s) and plaintiff's counsel.  *See, e.g.* ECF 14, 20, 24, 28, 31, 39.

## I.    CONSOLIDATION

The Court has reviewed the related cases—*Matthews et al. v. Compass Group Diversified Holdings, LLC, et al.*, 8:25-cv-00981-MRA-KES; *Augenbaum et al. v. Compass Diversified Holdings, et al.*, 8:25-cv-01003-MRA-KES; and *Tan et al. v. Compass Diversified Holdings, et al.*, 2:25-cv-05777-MRA-KES—and agrees they are appropriate for consolidation under Federal Rule of Civil Procedure 42(a).

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018).  "To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation."  *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1162 (C.D. Cal. 2015) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00981-MRA-KES<br>8:25-cv-01003-MRA-KES<br>2:25-cv-05777-MRA-KES | Date | |
| --- | --- | --- | --- |
| | | | August 22, 2025 |
| Title | *Matthews et al. v. Compass Group Diversified Holdings, LLC, et al.*<br><br>*Augenbaum et al. v. Compass Diversified Holdings, et al.*<br><br>*Tan et al. v. Compass Diversified Holdings, et al.* | | |

Here, common questions of law and fact predominate: all plaintiffs are shareholders of Compass Group Diversified Holdings LLC ("Compass") and are alleging that Defendants failed to disclose important information about Compass's financial situation in violation of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). That the actions have already been designated as related cases underscores the commonality between these actions. Moreover, as explained above, multiple individual Plaintiffs have already moved to consolidate, and Defendants have not opposed these motions. Thus, it appears clear to all involved (including this Court) that common questions of fact and law predominate.

Accordingly, the Motion to Consolidate the related actions is **GRANTED**. The Court consolidates these cases into one "Consolidated Action" and **ORDERS as follows**:

1) Every pleading in the Consolidated Action shall have the following caption:

| *In re: Compass Securities Litigation* | Case No. 8:25-cv-00981-MRA-KES |
| --- | --- |
| | Hon. Mónica Ramírez Almadani |
| This Document Relates To: | |

2) The file in 8:25-cv-00981-MRA-KES shall constitute the master file for every action in the Consolidated Action. The Clerk shall administratively close the other actions. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:". When a pleading applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies and the last name of the first-listed plaintiff in said action.

3) All actions subsequently filed in, or transferred to, this District shall be consolidated into the Consolidated Action only if the Court determines that they are in fact related. It shall be the responsibility of the parties in those actions to promptly file a Notice of Related Cases pursuant to Local Rule 83-1.3.1.

4) A party's appearance in the consolidated case shall apply to all constituent cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-00981-MRA-KES<br>8:25-cv-01003-MRA-KES<br>2:25-cv-05777-MRA-KES | Date | August 22, 2025 |
|---|---|---|---|
| Title | *Matthews et al. v. Compass Group Diversified Holdings, LLC, et al.*<br>*Augenbaum et al. v. Compass Diversified Holdings, et al.*<br>*Tan et al. v. Compass Diversified Holdings, et al.* | | |

5) This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action with good cause shown.

## II.   APPOINTMENT OF LEAD PLAINTIFF AND COUNSEL

Under the PSLRA, any member of the purported class may move to serve as lead plaintiff. 15 U.S.C.A. § 77z-1(a)(3)(A)(i)(II).   In general, there is a rebuttable presumption that the "most adequate plaintiff" in a PSLRA class action is the person or group of persons that "(aa) has either filed the complaint or made a motion in response to a notice [of a PSLRA class action]; (bb) in determination of the court, has the largest financial interest in relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C.A. § 77z-1(a)(3)(B)(ii)(I).

Here, multiple Plaintiffs have filed complaints and posted notice regarding the actions before the Court.   Similarly, multiple Plaintiffs have met the requirements of Rule 23.   *See* Fed. R. Civ. P. 23 (explaining the requirements for class action certification, as well as the procedural process for conducting class action lawsuits).   Therefore, the second factor—the plaintiff with the largest financial interest—is the most relevant factor for the Court's consideration.   Having reviewed the docket and considered each Plaintiff's motion to be appointed lead plaintiff, the Court finds that **Eastern Atlantic States Carpenters Benefit Funds ("EAS Carpenters")**, which is reporting $2,012,118.4 in losses, has the largest financial interest at stake in the action. *See* ECF 39, 40, 41.   Accordingly, the Court is prepared to appoint EAS Carpenters as lead plaintiff.

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."   15 U.S.C.A. § 77z-1(a)(3)(B)(v).   In its Motion, EAS Carpenters requests the appointment of **Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein")** as Lead Counsel and **Girard Sharp LLP ("Girard Sharp")** as Liaison Counsel for the proposed class.   ECF 40 at 7.   Rule 23(g) provides that a court must determine that an applicant for class counsel is qualified to represent the proposed class by considering factors such as: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class."   Fed. R. Civ. P. 23(g)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 8:25-cv-00981-MRA-KES 8:25-cv-01003-MRA-KES 2:25-cv-05777-MRA-KES | Date | |
|---|---|---|---|
| | | | August 22, 2025 |
| Title | *Matthews et al. v. Compass Group Diversified Holdings, LLC, et al.* *Augenbaum et al. v. Compass Diversified Holdings, et al.* *Tan et al. v. Compass Diversified Holdings, et al.* | | |

Having reviewed and considered the summaries of both law firms' representative matters, the Court finds that Cohen Milstein and Girard Sharp would adequately represent the members of the proposed class.  ECF 40 at 16–17 (summarizing representative examples of the law firms' work in security fraud litigation), Ex. D (providing a firm resume for Cohen Milstein).

Finding no reason to withhold approval of EAS Carpenters and EAS Carpenters' selected counsel, the Court intends to appoint: 1) EAS Carpenters as Lead Plaintiff; 2) Cohen Milstein as Lead Counsel; and 3) Girard Sharp as Liaison Counsel.  Any party wishing to dispute these selections is **ordered to show cause** as to why the appointments should not move forward by providing a concise yet detailed explanation as to why an alternate appointment would be more appropriate.  Any objections to the above appointments must be filed **no later than seven (7) days from the issuance of this Order and must be no longer than seven (7) pages long.**  Upon review of any filings, the Court will finalize the appointment of lead plaintiff and lead counsel in this consolidated action.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk      mku