1  **GIRARD SHARP LLP**
Sean P. Greene (Bar No. 328718)
2  (sgreen@girardsharp.com)
222 Pacific Coast Highway, 10th Floor
3  El Segundo, CA 90245
Telephone: (415) 544-6453
4  Facsimile: (415) 981-4846

5  *Counsel for Lead Plaintiff EAS Carpenters*
*and Liaison Counsel for the Class*
6  
**COHEN MILSTEIN SELLERS & TOLL PLLC**
7  Steven J. Toll (admitted *pro hac vice*)
(stoll@cohenmilstein.com)
8  1100 New York Ave. NW ● Suite 800
Washington, DC 20005
9  Telephone: (202) 408-4600

10 *Counsel for Lead Plaintiff EAS Carpenters*
*and Lead Counsel for the Class*
11 
[Additional counsel appear on signature page]
12 

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re: Compass Securities Litigation* | Case No: 8:25-cv-00981-MRA-KES |
| | Hon. Mónica Ramírez Almadani |
| | **LEAD PLAINTIFF EAS CARPENTERS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR RULE 60(b) RELIEF** |
| | Date:      January 8, 2025 |
| | Time:      10:00 a.m. |

LEAD PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR RULE 60(B) RELIEF
Case No. 8:25-cv-00981-MRA-KES

**NOTICE OF MOTION AND UNOPPOSED MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 8, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court—in the courtroom of the Honorable Mónica Ramírez Almadani, Ronald Reagan Federal Building and United States Courthouse, Santa Ana Courtroom 9B, 9th Floor—Lead Plaintiff EAS Carpenters will and hereby does respectfully move, pursuant to Federal Rule of Civil Procedure 60(b)(1), for relief from its October 31, 2025 voluntary dismissal *with* prejudice (ECF No. 67), to instead voluntarily dismiss *without* prejudice. Lead Plaintiff seeks this relief to correct a scrivener's error in Lead Plaintiff's Notice of Voluntary Dismissal, which inadvertently stated that the dismissal was *with* prejudice. Lead Plaintiff respectfully requests—and Defendants do not oppose—that the dismissal instead be *without* prejudice, as Federal Rule of Civil Procedure 41(a)(1) provides by default and as the parties intended. For the reasons set forth herein, this Motion should be granted, and the Court should enter an order either: (1) declaring that the above-captioned action is dismissed without prejudice; or (2) allowing Lead Plaintiff to file a corrected notice of voluntary dismissal without prejudice. A proposed order is submitted herewith.

# MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR RULE 60(b) RELIEF

## I. INTRODUCTION AND BACKGROUND

On October 31, 2025, Lead Plaintiff filed a Notice of Voluntary Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), "dismiss[ing] the above-captioned action in its entirety, against all Defendants, with prejudice and without costs." ECF No. 67. In that Notice, Lead Plaintiff explained that "there is another virtually identical class action filed in the U.S. District Court for the District of Connecticut, as the principal defendant Compass Diversified is headquartered in Connecticut," and that, given the progress in that litigation, the parties agreed that this case should be litigated in Connecticut. *Id.* Because Defendants had not yet filed either an answer or motion for summary judgment, Lead Plaintiff's Notice constituted the dismissal of the above-captioned action, FED. R. CIV. P. 41(a)(1)(A). Since then, a schedule has been put in place in the operative action in the District of Connecticut, and Lead Plaintiff has been diligently working on an amended complaint to be filed there.

On December 2, Lead Plaintiff became aware that it had inadvertently filed the Notice as a dismissal *with* prejudice, despite the parties' intention that the dismissal be *without* prejudice, given the ongoing litigation in Connecticut. A dismissal with prejudice is a final adjudication on the merits for *res judicata* purposes that could potentially bar the parties from continuing this action in the District of Connecticut. *See Robi v. Five Platters, Inc.*, 838 F.2d 318, 321-22 (9th Cir. 1988) (explaining that federal

3

courts apply federal *res judicata* principles to the judgments of other federal courts). As Lead Plaintiff is both eligible for and entitled to relief under Rule 60(b), Lead Plaintiff respectfully moves this Court for relief from the Notice seeking an order either: (1) declaring that the above-captioned action is dismissed without prejudice; or (2) allowing Lead Plaintiff to file a corrected notice of voluntary dismissal without prejudice.

## II. ARGUMENT

### A. Lead Plaintiff Is Eligible for Rule 60(b) Relief.

Rule 60(b) permits a court, "[o]n motion and just terms," to "relieve a party . . . from a final judgment, order, or proceeding." As a dismissal with prejudice is a final judgment, order, or proceeding, Rule 60(b) is the proper vehicle for relief under the present circumstances. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683 (9th Cir. 2005) ("'[F]inal judgment on the merits' is synonymous with 'dismissal with prejudice.'" (alteration in original) (citation omitted)); *see also Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311-12 (2025) (resolving a circuit split in holding that a plaintiff's voluntary dismissal under Rule 41(a), regardless of whether it is with or without prejudice, "qualifies as a 'final . . . proceeding' under Rule 60(b)"). As Lead Plaintiff seeks to correct its filing promptly after becoming aware of the inadvertent scrivener's error and within approximately one month of filing, this request

is well within a "reasonable time." *See* FED. R. CIV. P. 60(c)(1) (motions for relief under Rule 60(b) "must be made within a reasonable time" and, when based on reasons such as excusable neglect, can be made "no more than a year after the entry of judgment or order or the date of the proceeding").

### B.   Lead Plaintiff Is Entitled to Rule 60(b) Relief.

Having established that Lead Plaintiff is procedurally eligible for Rule 60(b) relief, Lead Plaintiff turns to the substance of Rule 60(b), under which Lead Plaintiff is entitled to relief.

Rule 60(b) provides relief for six enumerated reasons. *See* FED. R. CIV. P. 60(b)(1)-(6). Relevant here is the first of these reasons: "mistake, inadvertence, surprise, or excusable neglect[.]" FED. R. CIV. P. 60(b)(1). As explained above, Lead Plaintiff sought to dismiss this California action because "from a standpoint of judicial economy and convenience, it would be more efficient to have this case litigated in Connecticut" as the principal defendant Compass Diversified is headquartered in Connecticut and that action had been progressing. ECF No. 67. Thus, the filing of the Notice itself demonstrates the parties' intent to continue litigating this action in a different forum, and Lead Plaintiff made a drafting error in dismissing *with* prejudice instead of *without* prejudice.

Lead Plaintiff seeks to correct this excusable mistake as otherwise, the Notice could operate as a "final judgment on the merits" that bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the

5

same parties . . . on the same cause of action[.]" *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir.1980). Correcting as much poses no prejudice to Defendants, who do not oppose this Motion and who agreed to continue to litigate these claims in Connecticut. Unlike in other instances in which the Ninth Circuit has denied Rule 60(b)(1) relief, this is not an attempt to "remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts[.]" *See Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006). Because Lead Plaintiff's scrivener's error is a legitimate mistake, Lead Plaintiff is entitled to Rule 60(b) relief.

### III.   CONCLUSION

Lead Plaintiff is both eligible for and entitled to Rule 60(b) relief to correct the dismissal of the above-captioned action such that it is dismissed *without* prejudice. Lead Plaintiff therefore respectfully requests that this Court enter an order either: (1) declaring that the above-captioned action is dismissed without prejudice; or (2) allowing Lead Plaintiff to file a corrected notice of voluntary dismissal without prejudice.

Dated: December 4, 2025

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

By: /s/ *Christina D. Saler*
Christina D. Saler*
(csaler@cohenmilstein.com)
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Tel.: (267) 479-5700

-and-

Steven J. Toll*
(stoll@cohenmilstein.com)
S. Douglas Bunch
(dbunch@cohenmilstein.com)
Margaret (Emmy) Wydman
(ewydman@cohenmilstein.com)
Nathan Weiser
(nweiser@cohenmilstein.com)
1100 New York Ave., N.W., Suite 800
Washington, D.C. 20005
Tel.: (202) 406-4600

*Counsel for Lead Plaintiff EAS Carpenters and Lead Counsel for the Class*

* Admitted *pro hac vice*

**GIRARD SHARP LLP**

Sean P. Greene (Bar No. 328718)
(sgreene@girardsharp.com)
222 Pacific Coast Highway, 10th Floor
El Segundo, CA 90245
Tel.: (415) 544-6453

Adam E. Polk (Bar No. 273000)

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(apolk@girardsharp.com)
601 California St., Suite 1400
San Francisco, CA 94108
Tel.: (415) 544-6280

*Counsel for Lead Plaintiff EAS Carpenters and Liaison Counsel for the Class*

8

LEAD PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR RULE 60(B) RELIEF
Case No. 8:25-cv-00981-MRA-KES

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ *Christina D. Saler*
Christina D. Saler
(csaler@cohenmilstein.com)
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Tel.: (267) 479-5700